TATE, Judge.
This possessory action concerns a tapering strip of land, about 56 feet in width at its widest (or east) end, along the entire length of the section line dividing Sections 9 and 16, T12S, R2W.
Plaintiff School Boar.d, owner of Section 16, appeals from judgment dismissing its suit against defendant Muller, owner of Section 9 (which lies north of Section 16),, on the ground that such suit had not been brought within a year of Muller’s disturbance of plaintiff’s possession.
The disputed strip is bounded on the north by an old levee, up to which appellant School. Board through its tenants occupied for many years without .disturbance until the incidents occurred which gave rise *78 to the present suit. Apparently, this land was occupied in the belief that the levee lay along- the section line, and the Vermilion Parish School Board apparently claims title to it, at least by thirty years’ adverse possession.
The land in controversy is bounded south by a new fence erected by defendant Muller and finally completed in November of 19S2. Defendant Muller claims that the fence is correctly situated along the ideal or correct section line, which is his southern boundary line per his record title.
This possessory action was filed on June 29, 1953. Unlike a petitory action, wherein title or ownership is at issue, Articles 43-45, Code of Practice; the possesso-ry action involves only the right of one actually in possession of the land (irrespective of his title thereto) to be maintained in his possession against one disturbing same, subject to certain specified codal requirements, Articles 46-60, C.P.
The facts are virtually undisputed. Appellant School Board’s tenants occupied the disputed strip for several years, making rice crops through 1951 and grazing their cattle up to the levee along its north end. Both plaintiffs’ and defendant’s witnesses agree, however, that by the end of 1951, defendant Muller had constructed a fence which ran from the road at the eastern end of the section line for about a quarter of a mile west, then there was a gap of 200 yards with only one wire strand serving as barrier, and there also further down a complete gap of 100 yards without any fence or wire at all. (In other words, the fence was completed from both ends except for these gaps in the center.) It is also undisputed that Muller’s tenant made the 1952 rice crop on the eastern fourth of the disputed section, commencing his cultivation thereof in the spring (and in any event no later than May) of 1952.
Article 49, C.P., provides that the essential elements of a possessory action include, inter alia, that the party bringing the suit “should have had that possession quietly and without interruption, by virtue of one of the titles prescribed in the forty-seventh article, for more than a year previous to his being disturbed”; also, “That he should have brought his suit, at the latest, within the year in which the disturbance took place” (Italics ours.)
Counsel for appellant ably argues that the disturbance should not be deemed to have taken place until November, 1952, when the fence was finally completed in full, since appellant’s tenant’s cattle could continue to utilize the land in question, as before and in accordance with the terms of the tenant’s lease, through the gaps in the fence. If so, of course the filing of the possessory action on June 29, 1953, was timely.
However, we believe we would be in error in acceding to such an argument, in view of the plain provisions of the following Code of Practice Articles:
“50. The disturbance which gives rise to the possessory action may be of two kinds; disturbance in fact, or disturbance in law.
“51. Disturbance in fact occurs when one, by any act, prevents the possessor of a real estate, or of a right growing from such an estate, from enjoying the same quietly, or throws any obstacle in the way of that enjoyment, or evicts him through violence, or otherwise.” (Italics ours.)
We think the physical act of erecting a fence, even though the fence was not totally completed, is a disturbance of the possessor’s quiet possession and satisfies the coda! requirement that ‘‘any obstacle” thrown in the way of quiet enjoyment constitutes a disturbance of possession.
The minutes of the School Board introduced in evidence show that a resolution passed on January 3, 1952 (about 18 months *79 before suit was filed) provided: “On motion of Mr. Schriefer, seconded by Mr. Pere, and carried, the School Board authorized taking any and all necessary steps to have a fence, erected by Mr. Fritz Muller, on Section 16, Township 12 South, Range 2 West, removed from this school property.”
A later minute entry of March 13, 1952, indicates that defendant Muller had requested consideration of “the matter of entering into some settlement under supervision of the court of a boundary claim”, in order “to avoid unnecessary litigation.” Appellant argues that in reliance upon ■same, appellant School Board was unable to know whether its possession would actually he disturbed, pending conclusion of amicable negotiations, until Muller by closing the gap in the fence in November, 1952 effectively barred further use of his land by the .School Board tenant’s cattle.
We do not find this argument meritorious, not only in view of the plain codal provisions, but also in view of the minute entry immediately succeeding the above in which •on the same date the School Board directed ■the Parish Superintendent of Education to notify defendant Muller that “the School Board cannot give any consideration to any plan or plans for reaching an agreement proposed by Muller it being felt that it is the duty and the responsibility of the School Board to maintain the established boundary ■of this school section and to place in effect .such changes .only as may be ordered by the -court following failure of the Board to ■maintain its position through legal proce■dure.”
We think the District Court correctly dismissed the suit under Article 49, C.P., .and also under Article 59, C.P., which provides :
“If one who is disturbed in or evicted from his possession, suffer a year to elapse without bringing a possessory .action, that action shall be prescribed, .and he must then resort to a petitory action.” See also Articles 3456, 3536, LSA-Civil Code.
For the above and foregoing- reasons, the judgment of the District Court herein is affirmed.
Affirmed.