SARTAIN, Judge.
This is a possessory action. The trial judge sustained a peremptory exception of prescription filed by the defendant from which judgment plaintiffs have appealed. We affirm.
Plaintiffs and defendant are the owners of contiguous tracts of land situated in the Parish of Tangipahoa. The common boundary runs in an east-west direction with defendant’s property located on the north side thereof and plaintiffs’ property to the south. The defendant proposed to build an oxidation pond near the western edge of its property. Defendant caused a survey to be made which revealed that an old fence encroached upon its property approximately fifteen to eighteen feet. Pursuant to the survey, defendant caused the land to be cleared which necessitated the removal of that portion of the old fence which defendant concluded was on its side of the line. Obviously, the plaintiffs consider the fence line to be the property line, hence this litigation.
The record reflects that during the last of June or the first of July, 1969, the clearing operation was commenced. Weather conditions necessitated a delay. The pond itself was not completed until the latter part of August or the first of 'September, 1969. This suit was filed on August 13, 1970.
Plaintiffs contend that the work necessary to build the oxidation pond did not involve their property until the last of August or the first of September, 1969, and that this action was timely filed.
We are here dealing with a disturbance in fact (C.C.P. Art. 3659). C.C.P. Art. 3658 requires that a possessory action must be instituted within a year of the disturbance complained of.
The pivotal issue in this cause is whether any activity of the defendant disturbed plaintiffs’ peaceful possession more than one year prior to the institution of this litigation. The record reflects that the clearing operation which included the removal of the fence took place during the latter part of June or the first of July, 1969. Even though the project itself was not completed until the latter part of August, 1969, the disturbance occurred when the growth, underbrush and small trees were removed up to the survey line which encroached upon plaintiffs’ property. To us it is immaterial that the pond itself was not completed until the latter part of August, 1969. While the construction of the pond, which included the clearing of the land, the removal of the fence, and the digging of the pond, encompassed a period of two to three months, the running of the one year prescriptive period commenced when the fence was removed.
Essentially, it is plaintiffs’ position that they were not disturbed in their possession until the dirt from the pond was placed upon the fifteen to eighteen feet in question.
We think the trial judge was correct when he recognized that plaintiffs’ suit was untimely filed and if there is a dispute about boundaries, it will have to be resolved in a petitory action.
In Vermillion Parish School Board v. Muller, La.App., 92 So.2d 77 (1957), we held that the physical act of erecting a fence, even though it was not totally completed, was a disturbance of the possessor’s quiet possession and satisfied the codal requirement that any obstacle thrown in the way of quiet enjoyment constituted a disturbance of possession. In the case at bar we hold that the destruction of a fence and the initial clearing of land beyond the fence line in connection with the construction of an oxidation pond, even though the pond is not totally completed, is a disturbance of the plaintiff’s quiet possession and a possessory action must be filed within a year from the initial disturbance.
Accordingly, for the above reasons the judgment of the District Court sustaining the peremptory exception of prescription is affirmed at appellant’s costs.
Affirmed.