No. 869

First Circuit

KENNER v. LARRABEE

(October 7, 1931. Opinion and Decree.)

Hiddleston Kenner, of Lacombe, attorney for plaintiff, appellant.

Harvey E. Ellis, of Covington, and P. M. Milner, of New Orleans, attorneys for defendant, appellee.

LeBLANC, J. Plaintiff seeks to recover of the defendant the sum of $300, which amount, he alleges in his petition, he had delivered to him as part of the purchase price of two lots of ground located in the town of Slidell, La. The defendant is a real estate broker or agent, through whom the plaintiff had, on September 10, 1928, executed a written offer which was to remain open until September 17, 1928, to purchase the property therein described which belonged to one Homer G. Fritchie. On September 12, 1928, Fritchie accepted the offer through the defendant, binding himself to pay the latter a commission of $150 at the passing of the act of sale. The purchase price was to be $3,000, of which sum 10 per cent, or $300, was to be deposited on acceptance of the offer, on account of the purchase price. The plaintiff avers in his petition that, by mutual agreement and consent between himself and Fritchie, the contract to purchase the two lots of ground was canceled, and abrogated, and he is entitled to a return of the $300 which he had delivered to the defendant under its terms.

The defendant annexes to his answer the original contract between him and the plaintiff, and relies for his defense on the following clause which is contained in plaintiff's offer:

"Should I fail to comply with the terms or conditions of this offer after same is accepted, I obligate myself to pay on demand your commission in this sale and any attorney's fees and costs of Court that you may incur in enforcing collection of your claim."

Averring that the plaintiff failed to comply with the terms of the agreement under its terms, and was released from his obligation thereunder at his own request, on condition that he pay the commission stipulated, defendant contends that he has the right to offset against the claim made upon him for the $300, the amount of the commission, $150, and the further sum of $50 for attorney's fees and court costs. Then, assuming the position of a plaintiff in reconvention, he prays for judgment in these two amounts against the plaintiff, with costs of this suit.

The lower court found that the plaintiff did not comply with the terms of the contract, and, that he requested the defendant to relieve him from his obligation to purchase the property. It found also that the defendant agreed to release him on the condition that he would pay the agent, defendant herein, the commission due, and for which the agent had performed services under the contract. It also allowed the $50 claimed as attorney's fees, and in effect permitted the defendant to offset the full amount of $200 against the $300 being de-

manded by the plaintiff, as it rendered a judgment in favor of the latter for the sum of $100, and otherwise rejected his demand. Defendant was cast with the costs of this suit, as the court was of the opinion that there had been no legal tender made of the $100. which he admitted he owed plaintiff. From this judgment, the plaintiff has appealed, and the defendant answers, asking that the judgment be amended so as to have his reconventional demand recognized in the form of a judgment with interest, and that the plaintiff be condemned to pay all costs, as there had been a legal tender made to plaintiff of the sum of $150, which he had refused.

That the district judge correctly decided the facts in the case becomes apparent when we read the first sentence in the brief of plaintiff, who is his own counsel, that there is no dispute regarding the facts in the case, and that the questions submitted are those of law.

His contentions are two-fold: First, that defendant cannot plead in compensation or as an offset the two amounts he claims against the $300 demanded in the petition, because this latter amount which was delivered to the defendant was a deposit, and under article 2210 of the Civil Code a demand of restitution for a deposit presents one of the exceptions to the rule that compensation takes place between debtors, whatever be the causes of either of the debts. Second, that the defendant cannot plead his demand in reconvention because it is not "necessarily connected with and incidental to" the main demand as required under the provisions of article 375 of the Code of Practice.

We do not believe that the sum of $300 which was turned over by the plaintiff to the defendant constituted a deposit within the meaning of that term as used in the Civil Code. Article 2926 defines a deposit as "an act by which a person receives the property of another, binding himself to preserve it and return it in kind." Referring back to the contract for the purchase of the property, we find that the $300 was the 10 per cent of the amount of the purchase price which the plaintiff obligated himself to put up if the offer was accepted, and was intended to be applied as such. It never was contemplated that it was to be returned to the plaintiff, unless good and merchantable title could not be made to him of the property. There was never any question but that such title could be given, and, for aught the record shows can still be obtained by him. The contract itself stipulated that the amount was deposited with the defendant broker as 10 per cent "on account of the purchase price" of the property; the presumption being that the contract would be executed and the money turned over to the vendor. At plaintiff's special request, however, the contract was abrogated with the express condition that he would pay the defendant's commission, which would otherwise have been paid by the vendor. It is observed, moreover, from the further provisions of the Civil Code on the subject of deposit, that it is essentially gratuitous.

"If the person, with whom the deposit is made receive a compensation, it is no longer a deposit, but a hiring." Article 2929.

There can be no dispute here but that the defendant was to receive a commission. That was provided for in the contract as the compensation for his services. They

were, therefore, not gratuitous, and, under the terms of the article quoted, the money turned over to him by the plaintiff cannot be treated as a deposit. If it was not a deposit, necessarily it follows that plaintiff's contention that defendant cannot plead his debt in compensation because it was one must fall.

The conclusion we have reached on this, the first point raised by the plaintiff, makes it unnecessary for us to consider the second, which is to the effect that defendant cannot maintain his claim as one in reconvention because it is not necessarily connected with the main demand. Nor do we think it necessary for us to consider the reconventional demand from the standpoint as presented in defendant's answer to the appeal. The effect of a judgment in defendant's favor in reconvention would be the same as that produced by the judgment of the district court, unless it were to grant him interest thereon. But, even were we disposed to allow interest, we could not give it to him, as he has failed to pray for same. Nor do we believe that he has shown any such tender of the amount he acknowledges he owed plaintiff as to relieve him from the costs of this proceeding.

Plaintiff, in his brief, discusses the question of prescription, but, as we find no pleas of any kind presented here or in the lower court, we cannot consider it.

We think that the judgment of the lower court correctly disposed of the whole case, and it is therefore affirmed.