### No. 9027.

### SUCCESSION OF ELLEN WELCH, WIFE OF ROGER DIXON.

The appointment of an administrator is not necessary, and it will be refused, in a proceeding intended for the settlement of a community between the surviving spouse and the forced heirs of the deceased, when the succession owes no debts, and when it appears that the community can be legally settled by means of a partition between the heirs and the surviving spouse who has contracted a second marriage.

APPEAL from the Twenty-sixth District Court, Parish of Jefferson. *Hahn*, J.

*B. C. Elliott* for the Appellant.

*R. Shackelford, contra.*

The opinion of the Court was delivered by

POCHÉ, J. Roger Dixon prosecutes this appeal from a judgment rejecting his application to be appointed administrator of the succession of his wife, Ellen Welsh.

Pasley vs. McConnel.

His application is resisted by the two surviving forced heirs of his wife, who contend that no administration is necessary to a succession owning only community property and owing no debts.

The record shows that Ellen Welch died in 1853, and that her surviving husband has since contracted a second marriage, and that her succession owes no debts.

Appellant urges that this negative proposition is not established by opponents; and he contends that the court will not presume that there are no debts.

As he failed to allege the existence of any debts, as thirty years have elapsed since the death of Ellen Welch, and as her succession was opened in September, 1883, only, we think it is not a violent presumption to conclude that, if the deceased had left any debts, they have been extinguished by prescription, and that, therefore, the succession owes no debts.

The avowed purpose of appellant in this proceeding is to effect a settlement of the community heretofore existing between his deceased wife and himself, the usufruct of which he has lost by reason of his second marriage. The law points to the action of partition as the proper mode of accomplishing that result; and it does not contemplate, nor will it sanction, the expense of an administration, the costs of which would fall exclusively on the succession of the deceased wife, when the costs of a partition would be borne in equal shares by the whole community.

Appellant has entirely failed to advance any reason, either in law or by the facts and circumstances of the case, which would justify the court in burdening this succession with an administration. Succession of Story, 3 Ann. 502; Burton vs. Brugier, 30 Ann. 478; Succession of Walker, 32 Ann. 322.

The judgment appealed from is correct, and it is therefore affirmed, with costs.