FOURNET, Chief Justice.
This is a possessory action involving a tract of land comprising 86.65' acres in Rapides Parish, coupled with a demand for damages in the sum of $6,000 against the *997 defendants, W. O. Richey, W. E. Kolb; and' Kellogg Lumber Company, individually and in solido, for the alleged wrongful cutting and removing of the timber from the tract, and is now before us on appeal for the second time. The previous appeal was taken from a judgment of the lower court maintaining and quieting the plaintiff, Robert Lee Hill, in his possession of all of the tract except a portion in the south end thereof, but reserving to him the right to ascertain what timber, if any, was cut from that area to which he was maintained in possession and to bring further proceedings for damages resulting from the trespass. In disposing of that appeal, we amended the judgment so as to maintain and quiet the plaintiff in his possession of all of the property involved, and ordered the case remanded to the lower court, to determine and fix (1) the value of the timber cut and removed from the tract by the defendants, and (2) the rights and liabilities of all defendants under the calls in warranty.[1] See Hill v. Richey, 221 La. 402, 59 So.2d 434.
Upon remand of the case, the defendants were ruled into court to show cause why the mandate of the Supreme Court should not be followed on the record as constituted. On the return day, in opposition to the rule, defendant Richey filed a motion to recall, contending that procedure by rule was unauthorized, and also filed exceptions of no cause or right of action. On the following day, after defendant’s motion and exceptions had been overruled, Richey answered, averring that “additional evidence should be heard and received to the end that the Court might properly and finally determine the issues presented by the record in this case.” He also filed an application and motion for consolidation of the trial of this cause with a petitory action filed by him against the plaintiff some seven months after this case was remanded to the District Court — which application was denied by the trial judge. Judgment was then rendered on the merits, in favor of plaintiff and against Kellogg Lumber Company in the sum of $4,131, with interest and costs; calls in warranty were maintained in favor of Kellogg Lumber Company and Kolb, and the same judgment as that rendered in favor of plaintiff was likewise rendered in favor of Kellogg Lumber Company against Kolb and Richey, and in favor of Kolb against Richey. Both the plaintiff and the defendants have appealed.
*999 Counsel for the plaintiff, relying on the case of Guarantee Trust & Safe Deposit Co. v. E. C. Drew Inv. Co., 107 La. 251, 31 So. 736, contends that the District Court was in error in not rendering judgment against all defendants in solido. On the other hand, counsel for the defendants is reurging here (1) that the procedure by rule was improper, and (2) that the Court erred in deciding the case on the record as made up; and, by motion filed in this Court, (3) he seeks to have these proceedings stayed until such time as the petitory action pending between defendant Richey and the plaintiff is finally determined.
A study and analysis of the case relied on by the plaintiff in support of his contention that he is entitled to have judgment against all the defendants in solido will clearly show it has no application to the facts of this case. In Guarantee Trust & Safe Deposit Co. v. E. C. Drew Inv. Co., supra, unlike the facts of the case at bar,[2] the Court found that the defendant partnership and its individual members acted in bad faith in selling the timber on plaintiff’s land to the codefendant Maguire, who, in good faith, cut and removed the timber, and as a consequence were liable in’ solido with Maguire under the express provisions of the LSA-Civil Code that “He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act.” Art. 2324.
Defense counsel’s contention that the procedure by rule was improper and unauthorized is supported only by his statement that the purpose was to deprive the defendant of the right to offer further testimony on the amount of damages, if any; and is closely allied to his second contention, that the case should not have been decided on the record as originally constituted, without the taking of further and additional evidence. In this connection the district judge, in a carefully considered opinion, observed: “An examination of the transcript reveals that the issue of damages was tried in this court and could have been adjudicated prior to the appeal. * * * The mandate of the Supreme Court, through its silence on the subject, does not expressly authorize a re-opening of the evidence, and the opposition of Richey fails not only to point out why the evidence should be reopened, but also to request the Court to reopen it by simply stating 'that further and additional evidence should be received’ * * In any event, the opinion states that while the trial judge was “entirely satisfied that the record justifies the award of judgment in favor of plaintiff and against the Kellogg Company in the sum of $4,131.00, the value of the timber removed from the sixty *1001 acre tract,” he found it impossible to fix with definiteness the amounts which Kellogg Company and Kolb should recover under their respective warranties in view of the fact that the estimates of timber on the land both before and after cutting were based on a diameter of ten inches and up, whereas Richey’s deed to Kolb, the rights under which were acquired by Kellogg Company, conveyed timber of a diameter of twelve inches and up ; and therefore the case was ordered reopened for admission of evidence on this point, whereupon the parties executed a stipulation agreeing that "it may be considered as proved that the timber cut by the Kellogg Lumber Company was of the size and type described in the deed from Richey to Kolb and in the deed from Kolb to Kellogg Lumber Company.” The defendants are not urging here that the evidence in the record was not sufficient to support the conclusions of the trial judge, nor that additional evidence would change the result. It is obvious, therefore, that no useful purpose could have been attained in reopening the case for the reception of further evidence.
The trial judge properly denied defendant Richey’s motion to consolidate this case with the petitory action instituted by him against the plaintiff, under the express provision of the Code of Practice that "Petitory and possessory actions shall not be cumulated or joined together except by consent of parties. * * * ” Art. 55; and we think Richey’s motion filed in this Court to stay the proceedings until such time as his petitory action is finally determined is equally without merit. While the Article further declares that “ * * * he who is sued in a possessory action may bring a petitory action for * * * all or any part of the property involved in the possessory action * * it is only “if judgment [is] rendered in the petitory action in favor of plaintiff [that], the pending possessory action shall abate.” It necessarily follows that to allow the defendant Richey at this stage of the proceedings to take advantage of his laches and failure to promptly assert his title to the tract of land involved would be most inequitable. Cf. Smith v. Grant Timber & Mfg. Co., 130 La. 471, 58 So. 153.
For the reasons assigned, the judgment appealed from is affirmed.

. Tlie defendant Richey, owner of land adjoining the disputed tract on the east, had sold the timber on his land to W. E. Kolb, with full warranty; Kolb in turn sold it to the Kellogg Lumber Co. with full warranty. Eollowing institution of this suit, Kolb and Kellogg Lumber Co. called Richey in warranty, praying that in the event plaintiff should recover from them, that there be judgment for like amount in their favor and against Richey. In answer, Richey recognized his liability to Kolb under his warranty.

. Plaintiff, by his own admission as found in his brief, “has not attempted to recover damages based upon either legal bad faith or moral bad faith on the part of the defendants * * * but * * * has restricted his claim to stumpage value.”