230 So.2d 842 (1970)
Thomas DION et al.,
v.
Isaac N. KNAP et al.
No. 7862.
Court of Appeal of Louisiana, First Circuit.
February 2, 1970.
*843 Jessie S. Guillot, New Orleans, for appellants.
John C. Christian, New Orleans, for appellees.
Before LOTTINGER, REID and BLANCHE, JJ.
BLANCHE, Judge.
This is an appeal from a judgment vacating and setting aside an order appointing provisional co-administrators and dismissing a petition of intervention filed by said provisional co-administrators in these proceedings. This litigation was commenced on March 21, 1965, when an action was brought on behalf of 133 individuals claiming to be the direct descendants and heirs of one Rosalie Courteau, wife of Jacques Billiot, who allegedly died intestate in 1883. Appellee, Humble Oil and Refining Company, hereinafter referred to as "Humble," was by amended petition made an additional defendant for the alleged purpose of requiring said defendant to account for some thirty years of mineral production from land allegedly owned by the plaintiffs as heirs of Rosalie Courteau and Jacques Billiot. Subsequently, appellants herein, William Lovince Billiot and Dolores Verret Pahnka, instituted succession proceedings entitled "Succession of Rosalie Houma Courteaux, widow of and Jacques Billiot," and obtained an ex parte order appointing appellants provisional co-administrators, after which said appellants intervened in the original suit praying that "The Succession of Rosalie Courteau, wife of/and Jacques Billiot be declared to be the owners of all the immovable properties described" in the proceedings, and that said succession be entitled to an accounting of all funds and revenues earned by any of the defendants from the use of said property. Subsequently, still another group of alleged heirs filed a petition of intervention seeking the same relief. To the petition of intervention filed by appellants, Humble filed a motion to dismiss and for summary judgment. Judgment was rendered, read and signed granting the motion to dismiss and for summary judgment, dismissing the intervention of the provisional co-administrators, and vacating and annulling the appointment thereof. It is only the correctness of this judgment which is before us on this appeal. We affirm the judgment of the trial court in all respects except as to one part which we reverse and render.
The trial judge disposed of the issues presented in Humble's motion to dismiss and for summary judgment in the following manner:
"On September 16, 1968, defendant Humble filed a motion to dismiss and motion for summary judgment of dismissal in defendants' favor dismissing and disallowing the attempted intervention filed on June 3, 1968 by William Lovince Billiot and Dolores Verret Pahnka as alleged provisional co-administrators of the Succession of Rosalie Courteau, wife of/and Jacques Billiot.
"The grounds for this motion are that the succession of Roalie [Rosalie] Courteau and Jacques Billiot are closed, have been accepted unconditionally by their heirs and have ceased to exist; that the appointment of intervenors as co-administrators *844 was absolutely null; that to permit intervenors to `prosecute this petitory action will deny defendant its rights of Due Process and Equal Protection of the Laws', contrary to the United States and Louisiana Constitutions; and alternatively because the successions which intervenors purport to represent are not under administration.
"The exceptions and motion were tried contradictorily on October 17, 1968.
"Humble, in particularizing its reasons for judgment nullifying the appointment of the provisional administrators and dismissing this intervention, alleges several conveyances, pleadings, and contracts executed by purported heirs of Rosalie Courteaux and Jack Billiot, including the supplemental and amended petitions and first petition of intervention in this suit.
"In its brief, Humble contends:
`From the foregoing, it can be seen that title to any property that Rosalie Courteau wife of and/or Jacques Billiot may have owned at the time of death vested immediately in their legal heirs. La.C.C. Arts. 940, 941; Succession of Brown, 214 La. 337 [377], 37 So.2d 842 (1948); Succession of Coco, 185 La. 901, 170 [171] So. 70 (1937).
`Certainly, any title to any property of those long deceased persons' did not vest in a "succession", nor in an "administrator", especially after the lapse of 85 and 100 years. It vested in their immediate forced heirs, and now each plaintiff must prove that he subsequently acquired an interest in the property from those forced heirs.

`Heirs who accepted successions within thirty years, (by performing some act with respect to the property) and their transferees, have the right to exclude non-accepting heirs, by pleading the prescription provided for by Article 1030 Civil Code. (Sun Oil Co. v. Tarver, 219 La. 103, 52 So.2d 437 (1951) * * * (Brief, pp. 7-8. italics theirs)
`In Succession of Welch, 36 La.Ann. 702 (1884), the court refused to allow the appointment of administrators in 1883 of the succession of a person who died thirty years before to enable the "administrator" to effect a partition of the decedents' property, holding:
"The record shows that Ellen Welch died in 1853, and that her surviving husband has since contracted a second marriage, and that her succession owes no debts.
"As he failed to allege the existence of any debts, as thirty years have elapsed since the death of Ellen Welch, and as her succession was opened in September, 1883, only, we think it is not a violent presumption to conclude that, if the deceased had left any debts, they have been extinguished by prescription and that, therefore, the succession owes no debts." (36 La.Ann. at p. 439) (Emphasis added)
"As Professor McMahon recognizes:
"The sole raison d'etre of executors and administrators is to settle successions (estates of deceased persons) by the payment of all debts and the subsequent delivery of the residuum to the heirs." 2 McMahon, Louisiana Practice, p. 1616 (Brief, pp. 9, 10)'
"After reading the jurisprudence cited by counsel in their respective memoranda, and without discussing further in detail the arguments there propounded, we conclude that the cases cited in the `Memorandum in Behalf of Succession of Rosalie Courteau' are inapposite and that Humble's position is correct.
"The issues resulting from the intervention herein by the provisional co-administrators will be correctly resolved by granting Humble's Motion to Dismiss and for Summary Judgment declaring *845 null the appointment of the said provisional co-administrators, and dismissing their petition of intervention." (Reasons for Judgment, Record, pp. 197, 198.)
It is clear that under Louisiana law ownership of property is not vested in an abstract entity known as "a succession." This principle has been repeatedly stated by the Louisiana Supreme Court, as evidenced in the following decisions:
"* * * And, in Louisiana, the succession itself does not own the property because, from the moment of death, the maxim `Le mort saisit le vif' applies and the property of the deceased person is transferred directly and immediately to the legal heir or, in the absence of forced heirs, to the universal legatee, `without any intermediate stage when it would be vested in the succession representative, or in the legal abstract called "succession."' See Succession of Coco, 185 La. 901, 171 So. 70, 73, and Tulane University v. Board of Assessors, 115 La. 1025, 40 So. 445." [Johnston v. Burton, 202 La. 152, 11 So.2d 513, 517 (1942).]
"Our Code leaves no room whatever for doubt or surmise as to the fact of the property of a deceased person being transmitted directly and immediately to the legal heir, or, in the absence of forced heirs, to the universal legatee, without any intermediate stage when it would be vested in the succession representative, or in the legal abstract called `succession.' The law on that point is so explicitly stated in the Code, and has been so frequently applied, that nothing more is needed here than to give the numbers of the articles of the Code bearing upon the point, and the pages of the Reports where a few of the very numerous decisions are to be found: Articles 940, 941, 942, 943, 944, 945, 946, 947, 1609, 1611, and 1671; Womack v. Womack, 2 La.Ann. 341; Frazier v. Hills, 5 La.Ann. 114; Addison v. Bank, 15 La. 529; Succession of Dupuy, 4 La.Ann. 571; Burbridge v. Chinn, 34 La.Ann. 681." [Tulane University of Louisiana v. Board of Assessors, 115 La. 1025, 40 So. 445, 446 (1905).]
It is also obvious that the immediate passing of ownership to the heirs or legatees of a deceased does not require any formal succession proceedings; a succession is opened, strictly speaking, not by the institution of succession proceedings, but rather by death or by the presumption of death.[1] All that is required for the transfer of ownership is acceptance of the succession by the heir, which acceptance may be express or tacit.[2] Accordingly, it becomes apparent that the alleged ownership of the property involved in this litigation and resulting fruits therefrom could be only in the rightful legal or irregular heirs, or in their absence, in the State,[3] and not in "the succession" per se. With regard *846 to resolution of the issues before us, therefore, it is irrelevant whether the alleged heirs have accepted the succession, for in any event the property does not belong to "the succession" per se and "the succession" is not the proper person to assert claims of ownership via a petitory action.
It is, of course, discretionary with the trial court whether to permit the appointment of a provisional administrator,[4] and it is obvious that the trial court recognized that there was no need for an administration of the Succession of Rosalie Courteau, wife of/and Jacques Billiot since all debts possibly attributable to said successions had long prescribed including inheritance taxes,[5] and to permit such an administration would result in substantial injustice not only to the defendants in these proceedings including Humble, but also to the other groups of claimant heirs.
There have been several instances where Louisiana courts have refused to countenance an administration of a succession for various reasons, such as lack of necessity or injustice to certain heirs or the surviving spouse. See, for example, Giddens v. Mobley, 37 La.Ann. 417 (1885); Succession of Welch, 36 La.Ann. 702 (1884); Broussard v. Ditch, 30 La.Ann. 1109 (1878).
To permit appellants to maintain the petition of intervention as provisional co-administrators of the succession would enable them to circumvent thereby the burden of proof otherwise incumbent on them as plaintiffs in a petitory action. Article 3653 of the Louisiana Code of Civil Procedure requires that:
"To obtain a judgment recognizing his ownership of the immovable property or real right, the plaintiff in a petitory action shall:
"(1) Make out his title thereto, if the court finds that the defendant is in possession thereof * * *."
The manner prescribed in a petitory action is that the plaintiff "shall make out his title." Further, each claimant must prove each link in his chain of title. It is therefore abundantly clear that each person alleging an interest to the property of Rosalie Courteau must make out his title by conclusive proof of the facts that will show that he is an heir and that the alleged interest descended from Rosalie Courteau to him or of the facts that will otherwise prove his ownership. Therefore, it can be seen that by means of the intervention by these appellants as provisional co-administrators of the Succession of Rosalie Courteau, appellants seek only to prove title in Rosalie Courteau as alleged ancestor in title of some 1,014 claimants without each individual claimant first proving *847 his own title as required by Article 3653 of the Louisiana Code of Civil Procedure. This, of course, is in direct contravention to the provisions of said article and denies to Humble the procedural advantage given therein.
However, Humble is without interest to oppose the appointment of appellants as provisional co-administrators except insofar as it relates to their capacity to intervene in these proceedings. While we recognize the right of the trial judge to vacate and set aside its order appointing appellants as provisional co-administrators of the succession, we believe that the court should not have set aside in these proceedings an order issued by it in another proceeding at the behest of one without an interest therein. The dismissal of the intervention afforded adequate relief to appellee, and it was not necessary for the trial court to vacate its order in the succession proceedings. We, therefore, set aside that part of the trial court's judgment vacating and setting aside its order appointing appellants as provisional co-administrators in the "Succession of Rosalie Houma Courteaux, widow of and Jacques Billiot."
Finally, we reject the contention that the trial court has denied appellants their day in court. The alleged heirs have the right to make out their title in the petitory action, and we believe the rights of all interested parties are best served by requiring the said heirs to prove individually their claim to the property in question.
For the above and foregoing reasons, the judgment of the trial court is affirmed in part, reversed in part, and rendered, and appellants are to pay all costs of this appeal.
Affirmed in part, reversed in part, and rendered.
NOTES
[1] Louisiana Civil Code, Article 934:

"The succession, either testamentary or legal, or irregular, becomes open by death or by presumption of death caused by long absence, in the cases established by law."
[2] Louisiana Civil Code, Article 946:

"Though the succession be acquired by the heir from the moment of the death of the deceased, his right is in suspense, until he decide whether he accepts or rejects it.
"If the heir accept, he is considered as having succeeded to the deceased from the moment of his death; if he rejects it, he is considered as never having received it."
Louisiana Civil Code, Article 988:
"The simple acceptance may be either express or tacit.
"It is express, when the heir assumes the quality of heir in an unqualified manner, in some authentic or private instrument, or in some judicial proceeding.
"It is tacit, when some act is done by the heir, which necessarily supposes his intention to accept, and which he would have no right to do but in his quality of heir."
[3] Louisiana Civil Code, Article 929:

"In defect of lawful relations, or of a surviving husband or wife, or acknowledged natural children, the succession belongs to the State."
[4] Louisiana Code of Civil Procedure, Article 3111:

"The court may appoint a provisional administrator of a succession, pending the appointment of an administrator or the confirmation of an executor, when it deems such appointment necessary to preserve, safeguard, and operate the property of the succession. On the application of an interested party, or on its own motion, when such an appointment is deemed necessary, the court may appoint a qualified person as provisional administrator forthwith."
See, also, Comment (a):
"The general language, `preserve, safeguard, and operate the property of the succession,' is intended to give the court discretion in determining the necessity for the appointment of the provisional administrator."
[5] R.S. 47:2422:

"Inheritance taxes due to the state shall prescribe, as provided in the constitution, in three years from the thirty-first day of December of the year in which such taxes become due.
"For the purposes of this Section, inheritance taxes shall be due and payable six months after the death of the deceased, unless an administration of the succession has been applied for within that time. * * *" (Emphasis supplied by this Court.)