377 So.2d 489 (1979)
Huey Joseph RIVET
v.
Horace J. DUGAS et al.
No. 10339.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1979.
Rehearing Denied December 17, 1979.
William J. Luscy, III, Metairie, for plaintiff-appellant.
Charles E. McHale, Jr., New Orleans, for defendants-appellees.
Before STOULIG, SCHOTT and BEER, JJ.
*490 STOULIG, Judge.
Plaintiff, Huey Joseph Rivet, has appealed a judgment dismissing his petitory action to be declared owner of a 10-acre tract of ground in St. Charles Parish. He has alleged defendants Helen Dufrene Dugas and Jeanne Dufrene Magee were out of possession of the land and claimed adversely to him through a defective title.[1]
This disputed acreage is located within a larger tract that was judicially declared to be the property of Horace Dugas, against whom the plaintiff also claimed ownership through this petitory action. This case was tried in segments and after the first segment was heard, the court confirmed title in Dugas to the larger tract (less and except acreage including that which is the subject of this suit) based on 10 and 30 years acquisitive prescription.
We affirm the judgment of the trial court because plaintiff has failed to sustain his burden of proof. Although plaintiff alleged defendants were out of possession, the evidence establishes that defendants and their ancestor in title, Antoine Dufrene, had uninterrupted possession since the 1940s. Horace Dugas (husband of defendant Helen) and Antoine Dufrene, father of both defendants, used the acreage for grazing cattle and while no fence divided the land possessed by Dugas from the land possessed by Dufrene, they all agreed Dufrene possessed 10 acres on one of the bayou's bounding the tract.
When this case was tried, C.C.P. art. 3653 required the plaintiff in a petitory action to "make out his title thereto, if the court finds that the defendant is in possession thereof * * *."[2] While this appeal was pending, C.C. art. 531 was enacted by La. Acts 1979, which provides:
"One who claims the ownership of an immovable against another in possession must prove that he has acquired ownership from a previous owner or by acquisitive prescription. * * *"
If the burden of proof required by either statute is applied to the facts of this case, the net result is the same; therefore, we pretermit a consideration of whether C.C. art. 531 applied retroactively. Under either act, plaintiff would be required to establish his chain of title was clear at least to the point where he and the defendant against whom he claims adversely traced their title to a common author. (See C.C. art. 532 enacted by La. Acts 1979, No. 180.)
The pleadings and evidence set forth this chain of title under which plaintiff claims:
1. Sale with mortgage by Gertrude Bott Saucier to Huey Joseph Rivet dated June 2, 1976 registered in C.O.B. 176, Folio 349, as per exhibit Magee-13;
2. Succession of Moore D. Saucier to Gertrude Bott Saucier by judgment of possession dated October 17, 1952 in Proceedings No. 6301 Probate, 19th Judicial District Court for the Parish of East Baton Rouge, registered in C.O.B. 3, Folio 427, as per exhibit Magee-12;
3. Sale by Carrie J. Flock (sic) to M. D. Saucier by act under private signature dated March 13, 1940, registered in C.O.B. PP, Folio 486, as per exhibit Magee-9;
4. Sale by George C. Flack to M. D. Saucier by act under private signature dated March 30, 1940, registered in C.O.B. PP, Folio 486, as per exhibit Magee-8;
5. Sale to M. D. Saucier by Henrietta Flack McFayden by act under private *491 signature dated March 23, 1940, registered in C.O.B. PP, Folio 551, as per exhibit Magee-10;
6. Quit claim by John T. Brownlee to Carrie J. Flack, George C. Flack and Henrietta F. McFayden by act under private signature dated April 21, 1936, registered in C.O.B. JJ, Folio 426, as per exhibit Magee-7;
7. Tax sale to John T. Brownlee assessed in the name of V. A. Catlin for the 1924 State and Parish taxes for the Parish of St. Charles by Sheriff's deed dated August 12, 1925, registered in C.O.B. X, Folio 501, as per exhibit Magee-6;
8. Sale by Bankers Mortgage Loan Company to Virgil A. Catlin by act under private signature dated February 27, 1919, registered in C.O.B. T, Folio 537, as per exhibit Magee-5; and
9. Bankers Mortgage Loan Company acquired from O. W. Crawford.[3]
It is stipulated that O. W. Crawford was the common vendor and originally owned the larger tract out of which this property was subdivided.
On the face of the record, the chain of title upon which plaintiff bases his claim, rather than being clear, is suggestive of litigation. To illustrate, in the sale without warranty from John Brownlee to Carrie Flack, George Flack and Henrietta Flack McFayden, none of the parties make a declaration of marital status. Later when Carrie J. Flock (sic), widow of John Flock (sic), sold her interest in this land to M. D. Saucier, Mrs. Flack's marital status again is not recited. When Henrietta Flack McFayden sold her interest to M. D. Saucier, the marital status of Henrietta Flack McFayden is not recited. These omissions leave unanswered what rights if any Mr. John Flack and Mr. McFayden had in this land since there is no declaration either spouse acquired for their separate estates. The interest of Mrs. Brownlee (if there was in fact a Mrs. Brownlee) is also unresolved. As the record fails to explain these areas that would render a title unmerchantable, we conclude plaintiff has failed to sustain his burden of proof. In reaching this result we emphasize that extrinsic evidence could have been received to clarify the deficiencies in the title suggestive of litigation. It was not introduced.
Therefore, we hold plaintiff, having failed to establish a clear record title, failed to sustain his burden of proof and dismissal of the petitory action was proper.
However, the judgment appealed from is annulled insofar as it confirms title of the following described property in Helen Dufrene Dugas and Jeanne Dufrene Magee because defendants did not reconvene for this relief:
A certain tract of land in Township 15 South, Range 20 East; Southeastern District of Louisiana, west of the Mississippi River, containing ten acres, described as follows: The upper front corner of said tract, being on the west bank of Grand Bayou Canal, 1270 feet from its intersection with the Bayou Front Canal. The back or west therefrom, and whose upper and lower (that is northern and southern boundaries) are lines parallel to each other and at right angles to the Crawford Canal. Said tract being all or nearly all located in the Northwest quarter of Section 10.
In all other respects the judgment is affirmed.
ANNULLED IN PART; AFFIRMED IN PART.
NOTES
[1] In his petition plaintiff alleged these defendants were not in possession of the disputed tract and that they claimed ownership by virtue of a judgment of possession rendered in the succession of their father, Antoine Dufrene. He alleged further that the tax title by which Antoine Dufrene purportedly acquired the property was too vague to convey a valid title to the realty.
[2] In Pure Oil Company v. Skinner, 294 So.2d 797 (La.1974), the Supreme Court held the plaintiff in a petitory action, seeking to eject a defendant in possession who claimed ownership adversely, was required to prove title good against the world without regard to title of the party in possession.
[3] In all of the links in the above chain of title upon which plaintiff relies, except Nos. 3, 4, and 5, there is contained the following provision: less and except 10 acres sold to Earl Rogers (defendants' author in title).