430 So.2d 771 (1983)
Septime O. BOSSIER, Jr.
v.
SHELL OIL COMPANY.
No. 5-349.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 1983.
*772 Charles W. Nelson, Jr., Nelson & Theriot, New Orleans, for Septime O. Bossier, plaintiff-appellant.
Sondra R. Jenkins, James E. Blazek, Adams & Reese, New Orleans, for Shell Oil Co., defendant-appellee.
Before BOUTALL, BOWES and GRISBAUM, JJ.
BOUTALL, Judge.
A person not in possession sought to be decreed the owner of certain batture lands along the Mississippi River in St. Charles Parish. From an adverse judgment dismissing his suit, he appeals. We affirm.
Septime O. Bossier, Jr., filed a petitory action claiming to be the owner of an undivided interest in a portion of batture land measuring 190 feet along the Mississippi River in front of an area known as Meyer Town in St. Charles Parish. Bossier alleges that neither party is in possession of the property and that his ownership is deraigned from his heirship of the late Septime O. Bossier through inheritance and his father's predecessors in title. The trial court found that the defendant Shell Oil Company was in possession of the property and that plaintiff had "failed to make out his title adverse to the world, in relation to the piece of land in question" and dismissed plaintiff's petition. This appeal followed. The two basic issues are those two findings.
The law governing the proof of title that plaintiff must demonstrate in order to be successful is set out in Code of Civil Procedure article 3653 and in Civil Code articles 531 and 532.[1]
*773 The primary determination is thus whether the defendant is in possession. A problem arises here because the tract of land claimed by plaintiffs is not co-existent with the boundaries of the tract claimed by Shell, but is at best only a portion. There are serious disputes as to the boundaries, descriptions, and even the location of the tracts described in the various titles of plaintiffs.
In any event Shell began its ownership arising from a notarial act of sale on November 2, 1969 from Lyna D. Danziger, Mildred D. Elsas, Bertha J. Cahn, Catherine C. Kahn and the Trust of Theodore E. Danziger in which Shell Oil Company purchased the following tract of land:
A certain tract of batture land located in Section 5, Township 12 South, Range 8, East of the Mississippi River in the Parish of St. Charles, State of Louisiana, on the left descending bank of the Mississippi River being a portion of the Diamond Plantation, said tract of land being bounded in front by the Mississippi River, in the rear by the inside or river toe of the levee located along the left descending bank of the Mississippi River, on the lower side of the extension to the Mississippi River of the upper side of Lot A, as that lot is shown on a plan of H.C. Smith, Civil Engineer, dated April 7, 1902, annexed to an Act of Sale by Edward Sarpy, et al, to Salvatore Carbone, passed before Charles T. Soniat, Notary Public, of the Parish of Orleans, on the 7th day of April, 1903, and bounded above by lands owned by Shell Oil Company.
At this time it should also be noted that the act of sale was not passed with full warranty as to the entire tract sold, the act of sale containing the following language:
"TO HAVE AND TO HOLD the above described property unto the said Vendee and Vendee's successors, heirs and assigns forever, free from any lien, mortgage or encumbrance whatsoever, with full and general warranty of title and with full subrogation to all of the rights and actions in warranty against any and all former owners and vendors, except that, as to the batture in front of Meyer Town, Vendor only conveys to the Vendee all such right, title or interest which he may have or possess in and to said batture, but without any warranty whatsoever, even as to the return of the purchase price. It is understood and agreed that said limitation on the warranty herein transferred applies to and affects only the batture in front of Meyer Town and does not apply to or affect any of the other property herein sold and conveyed. It is further understood and agreed that, notwithstanding said limitation, Vendee shall be fully subrogated to all of the Vendor's rights and actions in warranty against any and all former owners and Vendors even as to said batture in front of Meyer Town."
As a result of this language, plaintiff contends that the one tract sold is somehow cut into two tracts, and that for the purposes of possession, each should be considered separately. We do not agree. The act plainly transfers one tract and additionally contains the following language which shows that it was the intention of the vendor to convey only one tract:
"It is the intention of Vendor to convey herein and Vendor does hereby convey all of the batture, accretion, alluvion, riparian rights and other lands owned by him, including all lands covered by or embraced within the inside toe of the Levee on the left descending bank of the Mississippi River to the mean low water mark of the Mississippi River between the upper and lower boundaries as set forth in the property description above."
Plaintiff proposes this argument because there are in existence on the property several pipe lines belonging to Shell which run from its refinery across the bed of the Mississippi River to the opposite shore and there can be no dispute as to the existence and exercise of possession by virtue of these pipelines. Plaintiff thus tries to avoid the provisions of Civil Code articles 3437 and 3498 which provide that the possession of a portion of an estate is sufficient to show possession of the entire estate, provided the *774 necessary intention is present. Plaintiff refers us to the cases of Board of Commissioners of Caddo Levee District v. S.D. Hunter Foundation, 354 So.2d 156 (La. 1977), Ellington v. Ellis Dorsett, 2 La.App. 715, 720-21 (2d Cir.1925), Perkins v. Wisner, 171 La. 898, 132 So. 493, 498 (La.1931), and similar cases as the proper authority for the proposition that this tract, part of which is sold with warranty and part of which is sold without warranty, should be considered as two separate tracts and thus the possession of a portion of the warranted tract will not suffice to be considered as possession of the non-warranted tract. We do not agree that such a result should flow from the principles announced in those cases. The acquisition in our situation is one tract of land described in one deed or acquisition and we see no compelling reason to treat this as two tracts, especially when only one tract is described in the deed and there is no showing of any delineation possible into two tracts from the description contained.
Additionally, we find that the possession exercised by Shell was over the entire tract acquired by them. The evidence shows that Shell operates and maintains a set of eight pipe lines through the up river portion of the tract. These pipe lines are marked with warning signs on both the River Road and the batture near the river. Shell regularly maintains and cuts grass on that portion of the batture which is cleared in the vicinity where the pipelines are located. Shell has security guards who patrol the entire length of the batture hourly and stop all parties found on the batture and question them as to the purpose of their being on the property. All of these activities are open and public, and readily noticeable by anyone who chooses to use or observe the area.
What constitutes possession in any case is a question of fact and each case depends upon its own facts. Hill v. Richey, 221 La. 402, 59 So.2d 434 (La.1952). We conclude that these facts show the natural and physical possession of the tract acquired in Shell's title deed and that the possession is physical, public, open and notorious. These activities and others demonstrate an intent to possess the entire tract as owners thereof and is commensurate with the use for which this batture land is destined. We conclude that the possession is sufficient to require proof of ownership by plaintiff such that he makes out his title completely and not simply show a better title than defendant.
Plaintiff's claim to title arises from a confirmation of title of "Francois Trepagnier, Jun.," dated January 9, 1812 as recorded in American State Papers, Public Lands, Volume II, P. 224, et seq. at p. 322, No. 84, as follows:
"FRANCOIS TREPAGNIER, Jun. claims a tract of land, situated on the east side of the river Mississippi in the County of German Coast, containing four arpents in front and forty in depth, and bounded on the upper side by land of Baubery Trepagnier, and on the lower side by the land of Pierre Pain, a free mulatto...."
When comparing this description to defendant's Exhibit D-4, a copy of the United States Township Plat, indicating the location of all patents and confirmations of land of record in St. Charles Parish, No. 84 is located in Section 4, Township 12 South, Range 8 East, St. Charles Parish, Louisiana.
There is an additional confusion in plaintiff's title in that in the same document, there is confirmed the title of Francois Trepagnier (not Jun.) and Pierre Trepagnier showing that Section 5 as well as other sections were confirmed by Act No. 166. The record does not disclose whether Francois, Jun. is the same person as the Francois in Act No. 166. By comparison, the defendant's title orginates from certain court ordered sales arising from the Succession of Dame Marguerite Foucher, widow of Francois Trepagnier (not Jun.), and there is no showing that the widow Trepagnier acquired from Francois, Jun. rather than the other Francois or in fact from some third party. There is no proof of a common ancestor in title. Accordingly then, the very beginning of plaintiff's title does not show an acquisition with such a property description as would enable it to establish *775 perfect and complete title in particular over the batture property which is subject to this suit. Plaintiff's expert, a Gerald Swanson, a registered land surveyor, admitted that there was difficulty in locating the property from the original description and it was not until later sales of other property took place could he find a basis for location. The documents which did make such references were not those that are in the chain of title to the land claimed, but in descriptions of other lands sold to other people making reference to the location of Meyer Town and Surveys of Diamond and Diamond Homestead Subdivision.
Another defect which appears in plaintiff's chain of title is the lack of marital status of Calahan McCarty either in his acquisition or his conveyance. Under the principles announced in Rivet v. Dugas, 377 So.2d 489 (La.App. 4th Cir.1979) the failure to state the marital status renders the title unmerchantable and there is a failure of proof to clear this defect from the title. While this defect could only affect at most the one-half interest in the property, yet we must note that plaintiff herein does not claim the entire ownership but only an undivided interest.
Of more importance, however, in this regard is the sale by Mrs. Marie Trepagnier, widow of the late August Foucher, conveying to Paul N. Bossier. This transaction took place in 1915 at a time when a surviving spouse was an irregular heir under the provisions of Civil Code art. 949 and was not considered as having succeeded to the deceased from the instant of his death. The previous link in the chain of title was a sale to August Foucher, Jr., in which his marital status was not recited. Plaintiff relies upon the case of Dion v. Knap, 230 So.2d 842 (La.App. 1st Cir.1970) and Civil Code article 934 as authority for the proposition that it is unnecessary to show that any succession was opened and that the surviving widow obtained the property from her deceased husband. We cannot agree with that proposition. The Dion case involved forced heirs and we point out that the surviving spouse is not a forced heir. Indeed, in Dion the court stated that it is abundantly clear that each person alleging an interest in the property must make out his title by conclusive proof of the fact that will show that he is an heir and that the interest in the property descended from the decedent to him. In our case there is no such showing and we consider this to be of itself a fatal defect in plaintiff's proof of title.
Accordingly, we hold that the defendant Shell Oil has shown that it is in possession of the tract of land at issue herein, and that plaintiff has failed to make out a perfect or complete title to the property as required by C.C.P. article 3653 and Civil Code art. 531. We affirm this judgment of the trial court dismissing plaintiff's suit and his claim of ownership of the tract of land described therein. Appellant to pay all costs in both courts.
AFFIRMED.
NOTES
[1] The petitory action was filed on September 28, 1979 and trial was had on November 2, 1981. At the time of filing suit, C.C.P. art. 3653 read as follows:

"To obtain a judgment recognizing his ownership of the immovable property of real right, the plaintiff in a petitory action shall:
(1) Make out his title thereto, if the court finds that the defendant is in possession thereof; or
(2) Prove a better title thereto than the defendant, if the court finds that the latter is not in possession thereof."
The article was amended by Act 256 of 1981 to bring it in accordance with the substantive law contained in the Civil Code and read as follows:
"To obtain a judgment recognizing his ownership of immovable property or real right therein, the plaintiff in a petitory action shall:
(1) Prove that he has acquired ownership from a previous owner or by acquisitive prescription, if the court finds that the defendant is in possession thereof; or
(2) Prove a better title thereto than the defendant, if the court finds that the latter is not in possession thereof."
When the titles of the parties are traced to a common author, he is presumed to be the previous owner."
Civil Code articles 531 and 532 are set out by virtue of Act No. 180 of 1979 as follows:
"Proof of ownership of immovable. One who claims the ownership of an immovable against another in possession must prove that he has acquired ownership from a previous owner or by acquisitive prescription. If neither party is in possession, he need only to prove a better title."
"When the titles of the parties are traced to common author, he is presumed to be the previous owner."