WILLIAM A. CULPEPPER, Judge, Retired, Pro Tem.
Boise Southern Company (hereinafter plaintiff) brought this possessory action against Ernest Stanfield (hereinafter defendant) to be maintained in possession of a tract of land. The defendant filed an answer and reconventional demand alleging that he was in possession of the property and claiming damages for plaintiff’s cut *477 ting of timber from the land. After a trial on the merits, the trial judge rendered judgment dismissing defendant’s reconven-tional demand and recognizing plaintiffs right to possession of the property. Defendant appeals. We affirm.
FACTS
On December 29,1983, plaintiff filed suit against defendant to be restored to possession of a tract of land located in Sabine Parish, Louisiana and described as follows:
“A tract of land containing 247 acres, more or less, described as follows:
10 acres, more or less, situated in South Half of Southwest Quarter of Southeast Quarter (SV2 of SWVi of SEVi) of Section Thirteen (13), Township Eight (8) North, Range Thirteen (13) West, La. Mer.
237 acres, more or less, situated in Fractional Section Twenty-four (24), Township Eight (8) North, Range Thirteen (13) West, La. Mer., Lying North of the Grant Line and West of Miguel Bayou.”
Defendant filed an answer and reconven-tional demand, alleging that he was in possession as owner of the 247 acres in dispute, and sought to be maintained in possession of the property.
The record shows that Boise has title to the property in dispute by purchase from Boise Cascade Corporation in 1968. Boise Cascade acquired it from the liquidator of the Sabine Lumber Company in 1967 and Sabine Lumber Company acquired it from Edward M. Dart in 1901.
Defendant has no title. He claims that his father, W.W. Stanfield, moved onto the property without a deed and completely fenced it in 1938 or 1939. Witnesses testified that defendant’s father maintained possession of the property by farming truck patches, running a few cows, and leasing portions of the tract.
Defendant further asserts that he and his wife moved onto the tract in 1967 and possessed the property by running a few cows and horses on the land. He also claims that he and his wife repaired the existing fences when they moved on the property and completely reconstructed the fences approximately 17 years prior to the trial. Defendant testified that he raised a garden near his home site every year and that he occasionally cut wood on the property for heating.
In 1980, plaintiff constructed a road on the property approximately one mile long and 50 feet wide to remove timber from the tract. Defendant testified that he was aware that someone was on the property cutting timber and running tractors in 1980. Defendant admitted that he was told someone was building a road on the property, but did nothing about it.
Plaintiff entered into several logging contracts for cutting timber on the property in 1982. Defendant admitted that he was present when the timber was being cut by the Cade Wood Company in 1982, and told the contractors to leave the property. Cade Wood cut all of the marked wood on the property except for the four to five acre tract behind defendant’s house. The project took approximately two to three weeks to complete, and utilized four contractors, eight saws, and four tractors.
On or about November 21, 1983, defendant erected a new fence at the northwest corner of the property, completely closing plaintiff’s access road. On November 28, 1983, plaintiff sent a letter to defendant, demanding that defendant remove the fences enclosing approximately 160 acres of the property. Plaintiff instituted this possessory action on December 29, 1983. Defendant answered the suit and filed a reconventional demand in the form of a possessory action on January 24, 1984.
The trial was held before a judge on September 9 and 10, 1985. After hearing the testimony of numerous witnesses and the arguments of counsel, the court gave excellent written reasons and granted judgment in favor of plaintiff recognizing its right to the possession of the property, and rejected defendant’s reconventional demand.
Defendant suspensively appealed.
LAW
LSA-C.C.P. article 3658 provides that to maintain a possessory action, the possessor must allege and prove that:
*478 “(1) He had possession of the immovable property or real right therein at the time the disturbance occurred;
(2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
(3) The disturbance was one in fact or in law, as defined in Article 3659; and
(4) The possessory action was instituted within a year of the disturbance.”
To prevail in a possessory action, a party must show that he had the right to possess and has not lost it in the year prior to the disturbance. Mire v. Crowe, 439 So.2d 517 (La.App. 1 Cir.1983). A person acquires the right to possess immovable property by possessing the property quietly and without interruption for more than one year. Pitre v. Tenneco Oil Co., 385 So.2d 840 (La.App. 1 Cir.1980), writ den., 392 So.2d 678 (La.1980).
To acquire possession of property, one must combine the intention of possessing as owner with the corporeal detention of the thing. La.C.C. art. 3424. Where a person claims by possession alone and without title, the courts have required that he show adverse possession by enclosures sufficient to give definite notice to the world of the character and extent of the possession, to identify fully the property possessed, and to fix with certainty the boundaries or limits thereof. Norton v. Addie, 337 So.2d 432 (La.1976); Hill v. Richey, 221 La. 402, 59 So.2d 434 (1952), affirmed, 225 La. 994, 74 So.2d 190 (1954).
Based on the testimony presented at trial, the judge concluded “that there was probably a fence constructed during the 1930’s by Mr. Stanfield’s father, but that the fence fell into disrepair over the years and had completely vanished or disappeared more than one year prior to Mr. Stanfield filing suit.”
The testimony of the witnesses indicates that there was no fence on the western border of the property more than one year prior to defendant's filing suit. Since the defendant has no title and has not shown that he possessed the property within definite enclosures more than one year immediately prior to the disturbance, he has not proved his right to possess as required by law.
The trial judge found that the plaintiff, on the other hand, had shown acts sufficient to demonstrate its right to possess the property in dispute. The elements and character of the possession necessary to maintain a possessory action vary with the nature of the property and other attending relevant circumstances. Plaisance v. Collins, 365 So.2d 608 (La.App. 1 Cir.1978). The acts which must be shown to establish possession are governed to a large extent by the use to which the land is destined or for which it is suitable. Plaisance v. Collins, supra.
The land involved in the present suit is rural and is best suited for agriculture or growing timber. See William T. Burton Industries, Inc. v. Cook, 322 So.2d 880 (La.App. 3 Cir.1975), writ den., 326 So.2d 372 (La.1976). The record shows that plaintiff marked boundary lines, conducted several field reconnaisances, constructed a logging road, and in 1982 cut all of the timber on the 247 acre tract except for a four to five acre portion behind defendant’s house.
What constitutes possession in any case is a question of fact and each case depends on its own facts. Aymond v. Smith, 476 So.2d 1081 (La.App. 3 Cir.1985); Bossier v. Shell Oil Co., 430 So.2d 771 (La.App. 5 Cir.1983). The trial court’s finding of fact will not be disturbed on appeal unless clearly wrong. Aymond v. Smith, supra; Romar v. Estate of Gay, 454 So.2d 431 (La.App. 3 Cir.1984). Based on the evidence in the record, the trial court was not clearly wrong in finding that the plaintiff proved its right to possession of the property.
Defendant contends that the plaintiff’s activities cannot be considered as an interruption of his possession. The trial court noted that defendant’s failure to bring suit within one year of the disturbances by plaintiff was fatal to his cause of action. The trial judge agreed with plaintiff’s con *479 tention that the building of the road on the property in 1980 and the subsequent timber harvest by plaintiff in 1982 should have brought notice to defendant that his dominion was being seriously challenged. See Pittman v. Bourg, 179 La. 66, 153 So. 22 (1934).
A person loses the right to possess immovable property either voluntarily, by transferring or abandoning property; or involuntarily, by being evicted or expelled for more than one year or by acquiescence in a third party’s usurpation of the property for more than one year. Liner v. Louisiana Land and Exploration Company, 319 So.2d 766 (La.1975); Armstrong v. Armstrong, 493 So.2d 253 (La.App. 3 Cir. 1986); Pitre v. Tenneco Oil Co., supra. Defendant clearly lost any right he had to possess when he became aware that plaintiff was conducting operations on the property in 1980 and 1982 and did not assert his possessory action until 1984.
Since plaintiff has shown that it had the right to possess and has not lost it in the year prior to the disturbance, plaintiff has maintained its possessory action. Defendant’s claim for damages based on plaintiff’s trespass is therefore without merit.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed against defendant-appellant.
AFFIRMED.