CHARLES ZERINGUE *v.* A. V. WILLIAMS et al.

Although in a petitory action the plaintiff must recover on the strength of his own title, yet when the defendant has no title at all, he cannot, as a trespasser, take advantage of any defect in the muniments of title shown by the plaintiff; in such a case, a title apparently good, is sufficient to maintain a petitory action.

When the land sold is described in the act of sale, by reference to adjoining tenements, and sold from boundary to boundary, no action can be maintained for a diminution of price, on account of deficiency in quantity

APPEAL from the District Court of the Parish of Lafourche, *Roman*, J. *Beatty & Bush*, for plaintiff. *C. Belcher*, for defendants. *F. S. Goode* and and *G. W. Blake*, for warrantors and appellants.

VOORHIES, J. The plaintiff sets up title to a tract of land in the possession of the defendants. The respective titles of both parties properly located, do not come in conflict with each other; the controversy between them is, therefore, narrowed to the question, whether the title exhibited by the plaintiff, and which calls for the land in contest, is sufficient to oust the defendants, who have but the naked possession. This title is one emanating from the State of Louisiana, being " a sale and purchase made, subject to patent. on approval by the Secretary of the Interior."

Although it be true that the plaintiff, in a petitory action, must succeed on the strength of his own title, and not on the weakness of his adversary's yet, when the latter has no title at all, he cannot, as a trespasser, take advantage of any defect in the former's muniments of title. In such cases, a title apparently good, is all that is required to maintain the petitory action.

In the present case, the plaintiff shows a title derived from the State; and, although it might, perhaps, be defeated by the action of the General Government in the premises, as suggested by the defendants, it does not follow that they have the right to anticipate this result. This title, upon its face, is translative of property; it is unquestionably sufficient to enable the owner of it to dispossess one who has no title whatever to the land.

Now, as between the defendants and warrantors :

The title of *A. V. Williams* is one *per aversionem*. The land is therein described as " measuring three and three-quarter arpents, more or less, front on Bayou Lafourche. with a depth extending between the side lines from said bayou to their intersection with the line between township 15, range 17 East, and township 15, range 18 East, that is to say, so much of said plantation as lies inside of township 15, range 17 East; the said plantation being bounded above by lands of *Widow J. B. Champagne*, and below by lands of *Eugene Champagne*, the latteral lines opening as they recede from the bayou."

The township line between ranges 17 and 18 East, is the actual boundary line between the land sold to the defendant, *A. V. Williams*, and the land purchased by the plaintiff. There is consequently no eviction in this respect; and the defendants' call in warranty must, therefore, fall.

As between the other defendant, *J. M. Williams*, and his vendors, the matter does not afford the same certainty. But the record shows that the title, which he derived from the *Succession of David M. Tucker, deceased*, was also one *per aversionem*. He purchased " a certain plantation situated on the left bank of

Bayou Lafourche, measuring three and three-quarter arpents front, more or less, by eighty in depth, bounded above by lands of *J. B. Champagne*, and below by those of *Eugene Champagne*." Nothing is there said about the lateral lines opening as they recede from the Bayou Lafourche ; nor was the purchase made " with indication of the extent of the premises at the rate of so much per measure." The seller consequently is not obliged, under C. C. Art. 2468, to suffer a diminution proportionate to the price. But whether the sale from the estate of *David M. Tucker, deceased*, to *John M. Williams*, be considered as a transfer of property designated by adjoining tenements, and sold from boundary to boundary, or whether it be considered as a sale by the measure, this defendant's pretensions are defeated. In the former hypothesis, a disagreement in measure is of no consequence. C. C. Art. 2471; *Nichols* v. *Adams*, 9 An. 117.

In the other hypothesis, the result would be the same. For the defendant purchased three and three-quarter arpents front by eighty in depth, making a total of three hundred arpents; whilst the tract is shown to have 388 55–100 superficial arpents, independently of the 80 93–100 superficial arpents claimed by the plaintiff. In making this calculation, no allowance is made, it is true, for the opening of the lines in the rear ; but, as above stated, this is not called for by the deed of sale.

It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed, so far as it awards judgment in favor of the plaintiff against the defendants ; but that, in other respects, the said judgment be avoided and reversed. And it is further ordered and decreed, that the defendants' call in warranty be rejected, and that there be judgment in favor of all the warrantors ; the defendants paying the costs in both courts.