This is a petitory action wherein the plaintiffs, Susan Young, Mary Williams and Vicie Batten, alleging themselves to be owners in indivision (one-half by the former and one-fourth each by the latter) of the following described property, viz: "Lot Three (3) of Part 'B' of Lot Ninety-Four (94) of Guinea or Filhiol's Second Addition to the City of Monroe, Louisiana, as per plat attached to an act of partition in the matter of Powers vs. No. 5088, Hall of the Records of the Parish of Ouachita, State of Louisiana," seek to have the defendant, Cora Belle Anderson, actual possessor thereof, ousted therefrom, their alleged ownership recognized and possession of the lot delivered to them. James Greer, alleged lessor of Cora Belle Anderson, is also impleaded.
Plaintiffs allege that Lot No. 94 of the Guinea of Filhiol's Second Addition to the City of Monroe, Louisiana, was formerly owned by Vicie Woods, mother of Susan Young, and grandmother of the other plaintiffs, and L. R. Powers, in equal undivided shares; that in 1901, through suit No. 5088 on the Civil docket of the District Court for Ouachita Parish, entitled "L. R Powers v. Louis Hall, et al" the undivided ownership was terminated by a judicial *Page 282 
partition of the lot; that said lot was divided into north and south halves, the former being designated as "Part A" and the latter as "Part B"; that "Part A" was allotted to L. R. Powers and "Part B" to the heirs of Vicie Woods, deceased, viz: Prentice Woods, Jimmie (Jennie) Woods Greer, Martha Woods Williams and Susan Young, who, it is also alleged, were recognized as such heirs; (The judgment could not be found, and, therefore, is not in the record.); that in said act of partition, "Part B" was subdivided and partitioned between said four heirs of Vicie Woods, deceased; that same was divided into four lots, Nos. 1, 2, 3 and 4, beginning on the west side; and that Lot 3 was drawn by Jimmie (Jennie) Woods Greer; that she was then the wife of said James Greer, and died intestate and without issue on the 6th of January 1944; that petitioners, being the sole surviving heirs of the deceased, Jimmie (Jennie) Woods Greer, were on March 19, 1947, recognized as such and sent into possession of all property left by her at her death.
Plaintiffs omit reference to Prentice Woods, whole brother of Jimmie (Jennie) Greer and of Martha Woods Williams. In the partition proceedings he was allotted one of the lots. He was absent from the state and had not been heard from for some forty-six years. Obviously, in the present suit he is treated as being dead and as having left no descendants.
The answer of the defendants is not in the record. In written reasons for judgment, it is stated that the answer was virtually a general denial and that neither defendant asserted ownership to or interest in the lot in question.
Prior to answering, the defendants filed exceptions of vagueness, no cause and no right of action, non-joinder of parties plaintiff in that Prentice Woods, or his heirs, if he be dead, should appear as plaintiff and, finally, filed a prayer for oyer of all muniments of plaintiff's alleged title to the property.
All of the exceptions and the prayer for oyer were overruled. After trial of the case on its merits, there was judgment for the plaintiffs and against defendants, as follows. viz: Recognizing Susan Young, Mary Williams and Vicie Batten as heirs of Vicie Woods, deceased, and recognizing Susan Young as such heir, the owner of one-third interest in said Lot 3 of "Part B", and Mary Williams and Vicie Batten as such heirs, owners each of an undivided one-sixth interest therein. Defendants were ordered to deliver possession of the lot to the plaintiffs. Defendants appealed devolutively and suspensively.
The exceptions and the prayer for oyer are urged in this Court. The exceptions are without merit.
Plaintiffs allege ownership of definitely described property, admit that they are out of possession, and that the Anderson woman is in the actual possession of the lot. They pray to be recognized as owners and that defendants deliver possession to them. These are indispensable prerequisites to a petitory action and allegation thereof meets legal requirements. Code of Practice, Article 43.
The failure to join Prentice Woods or his heirs, if he be dead, does not unfavorably affect the efficacy of the petition. None of these people know whether he is living or dead, and, if living, his whereabouts. In addition, an undivided owner may institute and prosecute a petitory action where other existing facts meet legal requirements. Code of Practice, Article 45.
The petition, for said reasons, discloses a cause and a right of action in the plaintiffs and also, for same reasons, is not vulnerable to the pleas of vagueness and/or nonjoinder.
The prayer for oyer should have been sustained. Code of Practice, Article 175. Defendants had the right to decline to answer until the prayer was answered. Hillard v. Taylor,114 La. 883, 38 So. 594. However, we do not agree with argument of defendants' counsel that muniments of title to and including severance from the public domain should have been required produced. But since the prayer was denied, the case tried on its merits, the plaintiffs *Page 283 
having made out at least a prima facie undivided ownership in the lot, and defendants being without semblance of title of any sort thereto, no good purpose would be subserved by remanding the case on this point. The interest of justice does not require that such be done.
The succession of Jimmie Woods Greer was opened in the District Court for Ouachita Parish in May, 1947, by petition of Susan Young, wherein she prays that she be recognized as owner to the extent of one-half, and that Vicie Batten and Mary Williams be recognized owners to the extent of one-fourth each in the property left by the deceased.
The petition to some extent mis-states (inadvertently) record facts with reference to the property owned by the deceased at date of her death. Article 3 of the petition reads as follows: "Your petitioner shows that your petitioner's sister, Jimmie Woods Greer at her death owned an undivided one-fourth interest in and to: The N 1/2 of Lot Ninety-Four (94) of Guinea or Filhiol's Second Addition to the City of Monroe, Louisiana, which was partitioned by an order of court which is more completely set out in that petition in suit Number 5088, Powers v. Hall, et al of the Docket of the Sixth District Court in and for the Parish of Ouachita, State of Louisiana and more completely designated as Lot Number Three (3) in that certain partition ordered in said Suit and particularly described in map attached to the pleadings in said suit, said Lot Number Three (3) being an undivided One-Fourth (1/4) interest of The N 1/2 of Lot Ninety-Four (94) of Guinea or Filhiol's Second Addition to the City of Monroe, Louisiana."
The judgment that recognized the said heirs of Jimmie (Jennie) Woods Greer, deceased, carries the same description and inaccuracies.
The mentioned errors and inaccuracies are seized upon by attorney of the appellants as negativing title in plaintiffs in the present suit to said Lot 3 of "Part B", and he contends, therefore, that this leaves them without right to institute and prosecute this suit wherein Lot 3 of "Port B" of the partition is claimed, it being located in the south one-half of the Lot No. 94 and not in the north one-half.
We think the position not well founded, plaintiffs were unconditionally recognized as the heirs of the deceased Vicie Woods, and of course, it was their desire to be sent, and the purpose of the Court was to send them into possession of all of the assets of the deceased's succession. It was not indispensable to the validity of the judgment even to describe the property since the petitioners were recognized as heirs and legal representatives of the deceased. This automatically gave them the right, as owners, to sue to recover possession of every sort of property owned by the deceased at the time of her death.
As neither defendant has any semblance of ownership of or proprietary interest in Lot No. 3 of "Part B", Lot 94 of said addition, nor makes claim thereto, plaintiffs need not show title in themselves as good against the world in order to succeed herein.
It is shown that Jimmie (Jennie) Woods Greer leased this Lot 3 of "Part B" to the defendant, Cora Belle Anderson, prior to her death, and that her husband, James Greer, after her death, continued the lease and received from Cora Belle Anderson the monthly rentals. The judgment condemned him to pay over to plaintiffs two-thirds of the rents paid him from January 6, 1944.
The judgment from which appealed is correct, and it is accordingly affirmed with costs. *Page 284