382 So.2d 954 (1980)
Adam BADEAUX
v.
Warren PITRE.
No. 66121.
Supreme Court of Louisiana.
April 7, 1980.
Leon C. Vial, III, Hahnville, for plaintiff-applicant.
Norman J. Pitre, Opelousas, for defendant-respondent.
de la HOUSSAYE, Justice Ad Hoc.
We granted writs upon application of Adam Badeaux, to review an adverse ruling of the Court of Appeal, Fourth Circuit.
*955 Plaintiff Badeaux brought a petitory action in the District Court seeking to establish title to a tract of land in Bayou Gauche, St. Charles Parish, claiming title by continuous, open, notorious and adverse possession for a period in excess of 30 years, against defendant Pitre. The District Court found that plaintiff had made out a good and valid title as to all of the property through 30 years acquisitive prescription. The trial court also found that plaintiff Badeaux had granted to Harry Saucier, Pitre's ancestor in title, a servitude of use on a portion of the property upon which Saucier had constructed his camp, wharf, and boatshed. This servitude of use was found to have been transferred to Pitre when he purchased these structures from Saucier. Defendant appealed from the adverse ruling.
The Court of Appeal, which ordered the case be re-argued before a 5 judge panel, reversed the District Court, finding no cause of action as to plaintiff, concluding that the judgment appealed from had no basis in law and fact.
The trial transcript reflects that Badeaux had been in possession of the above described property since 1946. This tract is described as:
A CERTAIN PIECE OR PORTION OF GROUND, together with all the buildings and improvements thereon, and all rights, ways, privileges, servitudes and advantages thereunto belonging or in anywise appertaining, situated in Section 10, T. 15 S., R. 20 E., Bayou Gauche, St. Charles Parish, Louisiana, and according to a survey of properties claimed by Adam Badeaux and Irvin Bernard, Sr., by R. P. Bernard, Surveyor, dated October 31, 1977, the property claimed by Adam Badeaux commences at a point on the south side of Louisiana Highway 306 a distance of 573 feet from the south side bridge abutment on Grand Bayou, thence runs South 9 degrees 39 minutes East for a distance of 165 feet, more or less, to the north shore of Bayou Gauche, thence runs westerly along Bayou Gauche for a distance of 275 feet, more or less, to a point; thence North 9 degrees 39 minutes West a distance of 70 feet, more or less, to Louisiana Highway 306 and thence runs 258 feet, more or less, along the south right of way of said highway to the point of beginning.
Saucier testified that when he sold Pitre the house, wharf, and boatshed in 1972, he had occupied the structures built under Badeaux's authorization for nine years. There were papers drawn up at the Act of Sale of 1972, but none to verify the antecedent verbal agreement between Badeaux and Saucier. Saucier testified that at no time did he pretend to own any of this land. Subsequent to the sale to Pitre in 1972, plaintiff alleges that defendant began to exert an adverse claim by setting stakes to mark boundary lines, and by removing No Trespassing signs placed by Badeaux.
In this petitory action plaintiff claims that defendant is in possession of the property without title, and that defendant refuses to deliver possession of said property to plaintiff Badeaux. In his suit, plaintiff prayed to be recognized as ". . . true and lawful owner of the above described property, and as such, entitled to the full and undisturbed possession thereof, and ordering said defendant to deliver possession of said property to plaintiff."
The Court of Appeal based its opinion on a finding that Badeaux's petition did not disclose a cause of action as a petitory action under the tenets of C.C.P. Article 3651:
The petitory action is one brought by a person who claims the ownership, but who is not in possession, of immovable property or of a real right, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiff's ownership.
The Court of Appeal then states of its own motion that pursuant to C.C.P. Art. 927 "[a]t best, plaintiff may state a cause of action for a possessory action" under C.C.P. Art. 3655:
"The possessory action is one brought by the possessor of immovable property or of a real right to be maintained in his possession *956 of the property or enjoyment of the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted."
Then, in straining to apply this article to these particular facts, the Court concludes a possessory action would not lie, stating: "Thus the nature of Badeaux's claim is unclear from his pleadings and is even more so when the evidence is considered."
We disagree, finding that a petitory action would lie as the proper petition. Young v. Anderson, La.App.1950, 43 So.2d 280. Clampitt v. Davis Bros. Timber Co., Ltd., La.App.1972, 266 So.2d 248, writ refused 263 La. 109, 267 So.2d 212; Dupuy et al. v. Shannon, La.App.1961, 136 So.2d 111. Badeaux is claiming against another who has taken steps which show his exertion of an adverse claim against the property by exercising adverse possession against Badeaux.
Plaintiff's action to establish title is proper since defendant is found to be in possession of the land, this affecting only the burden of proof imposed upon Badeaux. (See La. C.C.P. Article 3653). We find that plaintiff has met that burden:
"Although it be true that the plaintiff in a petitory action, must succeed on the strength of his own title, and not on the weakness of his adversary's yet, when the latter has no title at all, he cannot, as a trespasser, take advantage of any defect in the former's muniments of title. In such cases, a title apparently good, is all that is required to maintain the petitory action." Zeringue v. Williams 15 La.Ann. 76.
In further support of plaintiff's properly having filed a petitory action, we note that plaintiff concludes his petition with a prayer that he be recognized as rightful owner of the property. In his dissent, Judge Boutall underscores this course of action to be consistent with a petitory action, but not with a possessory one. Vermillion Parish School Bd. v. Muller, La.App.1957, 92 So.2d 77; Peck v. Bemiss, 1855, 10 La.Ann. 160; Reine v. Frederick, La.App.1955, 79 So.2d 190; Montgomery v. Breaux, 297 So.2d 185 (La.1974); Garrett v. Ernest, La.App., 369 So.2d 713.
In proceeding to clarify plaintiff's rights, and the effect of defendant's possession, we note that a more accurate description of defendant's quality of possession than that outlined by the Court of Appeal would be found in La.C.Code 3490.
"Precarious possession
The circumstance of having been in possession by the permission or through the indulgence of another person, gives neither legal possession nor the right of prescribing.
Thus, those who possess precariously, that is, by having prayed the master to let them have the possession, do not deprive him thereof, but, possessing by his consent, they possess for him."
Plaintiff has properly established 30 yrs. acquisitive prescription by open and corporeal possession of the tract upon which he had lived since 1942, and that Pitre was well aware that he was purchasing the structures only, and not any real property.
In his dissent, Judge Boutall states:
"The dealings between these parties convince us that Badeaux had no intention of renouncing his possession of the property and his right of possession, as demonstrated by the conditional permission to build and occupy that he gave . . . I conclude therefore that the possession of Badeaux continued through the possession of Saucier, and in 1972, Badeaux had acquired the necessary 30 yr. period of possession for acquisition of ownership of the property."
Thus having established that Badeaux laid claim to the land as owner, and not as possessor, we find that a petitory action did lie as the proper cause of action for plaintiff. Inasmuch as we have found that Pitre held by precarious possession, his presence on the land did not disturb the running of the 30 yrs. acquisitive prescription as to the whole tract claimed by Badeaux.
We next focus upon the mention at trial of a letter from the Department of Natural *957 Resources which possibly indicated that title to the tract claimed by Badeaux rested in the State. The trial transcript indicates that both plaintiff's as well as defendant's counsel make this admission. The Louisiana Constitution of 1974, Art. 9, Section 4(B) provides:
Land and mineral interests of the state, of a school board, or of a levee district shall not be lost by prescription.
The State was not made a party to this proceeding, nor was the letter allowed to expand the pleadings. Therefore, we find it unnecessary to pass upon the validity of the State's claim, and find it only necessary to underscore that the State would be unaffected by any adjudication between these parties.
For the foregoing reasons, the decision of the Court of Appeal is reversed, and the decision of the Trial Court is reinstated.
REVERSED.