457 So.2d 1210 (1984)
BICKHAM, INCORPORATED
v.
Otis GRAVES and Billy Joe Graves.
No. 83 CA 1058.
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
*1211 Richard W. Watts, Franklinton, for plaintiff-appellee.
Ray W. Breland, Bogalusa, for defendants-appellants.
Before COLE, CARTER and LANIER, JJ.
COLE, Judge.
The issue raised in this petitory action is whether or not the trial court erred in failing to recognize defendants' claim of thirty year acquisitive prescription.
Defendant Otis Graves and his brother, defendant Billy Joe Graves, reside in a house and mobile trailer, respectively, on a small portion of a larger tract of land consisting of approximately 39 acres. The entire *1212 tract, located in Washington Parish,[1] was acquired in 1926 by the defendants' paternal grandparents, and in 1978 was owned in indivision by some 29 members of the Graves family including the two defendants. In June of 1978 a suit was filed by several of the co-owners for a partition by licitation.[2] After considering the matter the trial court ordered the partition and the judicial sale of the property. The tract was purchased by plaintiff, Bickham, Incorporated, at a sheriff's sale on September 12, 1979 for the sum of $26,500. The proceeds of the sale were deposited into the registry of the court for distribution to the various co-owners.
Otis Graves and Billy Joe Graves continued to occupy their respective homes after the sale. In January of 1981, Bickham filed a petitory action, naming the brothers as defendants, requesting the court to declare Bickham owner of the 39 acre tract. Defendants filed an answer and a reconventional demand, asking the court to recognize them as owners of the land described in plaintiff's petition and praying for the recorded sheriff's deed to be cancelled and erased from the public records. They prayed alternatively that a boundary be fixed between their property and Bickham's property.
After hearing the evidence the trial court rendered judgment in favor of plaintiff, recognizing it as the owner of the entire 39 acre tract. Defendants then filed this appeal, arguing only that the court erred in failing to recognize their title to at least a portion of the disputed property by virtue of thirty year acquisitive prescription.
A plaintiff in a petitory action, when the defendant is in possession of the disputed property, must prove he has acquired ownership from a previous owner or by acquisitive prescription. La.Civ.Code art. 531; La.Code Civ.P. art. 3653. Prior to 1981, Code of Civ.P. art. 3653 stated the plaintiff must "make out his title thereto." This was interpreted by the courts to mean plaintiff must trace his title back to the sovereign. See Pure Oil Company v. Skinner, 294 So.2d 797 (La.1974). In cases where the adverse parties proved their title back to a common author, the courts held the title need not be traced beyond this point. See Clayton v. Langston, 311 So.2d 74 (La.App. 3d Cir.1975). Although the language of the Code of Civil Procedure article was changed, it has been held the requirement of tracing the title back to the sovereign (or to the common author) is still essential. Weaver v. Hailey, 416 So.2d 311 (La.App. 3d Cir.1982).
In the present case the trial court stated plaintiff had proved its title sufficiently by tracing it back to a common author. See La.Civ.Code art. 532; Rivet v. Dugas, 377 So.2d 489 (La.App. 4th Cir. 1979). We disagree. The title cannot be traced to a "common author" because after the 1979 sheriff's sale, defendants had no title whatsoever. Therefore, it was encumbant upon plaintiff to trace its title back to the sovereign. This was in fact accomplished, as shown by copies of the various transfers affecting the property, starting with the present time, going back to the patent in 1813. Plaintiff's burden in this regard is not to prove a perfect title but to prove one "apparently good." Quoting with approval from an earlier case, our *1213 Supreme Court, in Badeaux v. Pitre, 382 So.2d 954, 956 (La.1980), held although the plaintiff in a petitory action must succeed on the strength of his own title, and not on the weakness of his adversary's when the latter has no title at all he cannot, as a trespasser, take advantage of any defect in the former's muniments of title. It was said, in such cases a title apparently good is all that is required to maintain the petitory action.[3]
Once plaintiff has proved his title, the focus is then on defendant's title. See Garrett v. Ernest, 369 So.2d 713 (La.App. 1st Cir.1979), writ denied, 371 So.2d 1340 (La.1979). Defendants have no "record" title, having been divested of it in 1979. Although they claim they have lived on the property for more than thirty years and therefore have acquired the property by acquisitive prescription, we find absolutely no merit to this argument because it totally ignores the fact that defendants' interest was sold in 1979. Moreover, prior to 1979, defendants occupied the land not as mere possessors but as actual co-owners. Although his failure to do so is almost incomprehensible, appellants' attorney makes no mention in his brief of the partition or the judicial sale. In spite of counsel's unexplainable failure to assess the effect of the judicial sale, the sale is the most crucial fact in this case, because at that time defendants lost their ownership interest. Since the date of the sale they have occupied the property as mere trespassers. Obviously they have not acquired any ownership rights by possessing the property since the sale.
We note also defendants inherited their small undivided interest from their father who died approximately ten years prior to the institution of this petitory action. Their mother died only one and one-half years before trial. Defendants' "possession" had been as part of the family unit and existed primarily during their minority as they were just 34 and 35 years of age at the time of trial. Under the facts of this case and within the context of their thirty year acquisitive prescription claim, it is doubtful defendants did more than "possess precariously." This quality of possession does not include the right to prescribe. See La.Civ.Code art. 3490 (in effect prior to January 1, 1983).
For these reasons, the judgment of the trial court is affirmed. Plaintiff has proved its title; defendants' undivided interest in the property was sold in 1979; defendants have not possessed the property long enough to claim ownership by acquisitive prescription. Appellants are to pay all costs.
AFFIRMED.
CARTER, J., concurs for reasons assigned.
LANIER, J., concurs for the reasons assigned by Carter, J.
CARTER, Judge, concurring:
We concur in the result reached in the lead opinion, but not with the rationale thereof.
Final judgment was rendered in the proceeding entitled Henrietta Graves Magee, et al. versus Helen Graves Bell, et al., docket number 44,285A of the Twenty-Second Judicial District Court, Parish of Washington on June 22, 1979. Otis Graves and his brother, Billy Joe Graves, were each defendants and ultimately had judgment rendered against them in this suit for partition by licitation.[1]
Defendants, Otis Graves and Billy Joe Graves, cannot collaterally attack the judgment and resulting sheriff's sale. Failure *1214 to enjoin this sale constituted a waiver of their right to contest it in the future since the defendants were parties to the suit. LSA-C.C.P. art. 2298; Baker Bank & Trust Company v. Chausse, 393 So.2d 261 (La.App. 1st Cir.1981) writ denied, 397 So.2d 1364 (La.1981). Cf. Guidry v. Cheramie, 354 So.2d 1280 (La.1977). (Also, the defendants have failed to suspensively appeal the partition judgment and apparently have acquiesced in the distribution of the proceeds of the sale.) Since each of these defendants were parties to the suit, all rights they had in the property at the time of the partition sale (including prescriptive ones) were acquired by Bickham. LSA-C. C.P. art. 2371. Since the defendants lost their interest in the property at the judicial sale and had no interest or title to it thereafter, their adverse possession for purposes of acquisitive prescription cannot go back past the date of the partition sale. This is far short of the required thirty years.
Since the defendant at the most "possessed precariously" and actually appear to be "trespassers", a title apparently good is all that is required to maintain the petitory action. Badeaux v. Pitre, 382 So.2d 954, 956 (La.1980) and cases cited therein. In Badeaux, the court held that the plaintiff in a petitory action must succeed on the strength of his own title and not on the weakness of his adversary's, but when the latter has no title at all he cannot as a trespasser take advantage of any defect in the former's muniments of title. In the instant case, plaintiff has made out a title apparently good against these defendants by producing the sheriff's deed in the partition by licitation and offered into evidence the judgment in said proceeding where they were also defendants.[2]
Under the particular facts and circumstances of this case, we do not agree that it is necessary to dereign title back to the sovereign. Otis Graves and Billy Joe Graves were parties defendant in the partition suit as co-owners of the property of which Bickham claims ownership. The ownership of the property was transferred from the Graves family to Bickham by the judicial sale in the partition suit. The judgment ordering this sale (and resulting transfer of ownership) has not been contested by the defendants in either the partition suit or this suit. Bickham's title and ownership come (in part) directly from Otis and Billy Joe Graves pursuant to a judgment that is now final.[3]
In relation to Bickham, the defendants are "previous owners". La.C.C. art. 531; La.C.C.P. art. 3653(1). In this factual posture, the rule above stated from Badeaux v. Pitre should be applicable.[4] The reason for this rule is set forth in A. Yiannopoulos, 2 Louisiana Civil Law Treatise, Property § 192 at 520 (2nd Ed.1980) as follows:
There is merit to the idea that a plaintiff with a title that antedates defendant's possession ought to prevail, despite breaks in the chain of transfers, if the defendant has no title. The view has been expressed that if it were otherwise, a trespasser without any semblance of title might be allowed to `take physical possession of another's property, and should his possession endure for more than a year before it is discovered, any break in the owner's chain, however ancient, would defeat a petitory action to recover the property.'
The defendants presently have no title to the property and are possessing adverse to Bickham as "trespassers" because they have not possessed long enough to acquire ownership by prescription. Because Bickham's *1215 ownership and title comes directly from the defendants and because the defendants did not contest the validity of their own title and/or ownership in the partition suit, they should not be allowed to collaterally attack Bickham's title by having the right to require dereignment of title back to the sovereign. In the instant case as between the "previous owners" and the present record title holder (as distinguished from third persons), sufficient title has been shown with the partition judgment and judicial sale.

APPENDIX

HENRETTA GRAVES MAGEE, ET AL

VERSUS

HELEN GRAVES BELL, ET AL

DOCKET NO. 44,285-A

22ND JUDICIAL DISTRICT COURT

PARISH OF WASHINGTON

STATE OF LOUISIANA

JUDGMENT
This cause having come on this date pursuant to previous assignment,
PRESENT: Clayton S. Knight, Attorney for Plaintiffs;
Richard W. Watts, Court appointed attorney for Lillie Graves Graves, Gloria Nell Graves, Leroy Graves, Wade Graves, Norma Lee Graves, Vernie Mae Graves, Gladys Bickham Graves, Evette Graves, Georgia Lee Graves, Perry Graves, Michael Graves, Elvin Graves, Otis Graves, and Albert Graves.
When after hearing of the law, evidence and argument of counsel, the court finding the same to be in favor of plaintiffs:
IT IS ORDERED, ADJUDGED AND DECREED, that Nurcelia Graves Cotton, Vonita Graves Magee, Henretta Graves Magee, Home Loan Company of Franklinton, Inc., Helen Graves Bell, Lillie Graves Graves, Gloria Nell Graves, Ida Mae Graves Davis, Lois Graves Magee, Otis Graves, Otha Graves, Jenette Graves Hart, Myrtis Graves, Billy Joe Graves, Leroy Graves, Albert Graves, Ralph Graves, Larry Graves, Wade Graves, Norma Lee Graves, Vernie Mae Graves, Gladys Bickham Graves, Evette Graves, Georgia Lee Graves, Perry Graves, Michael Graves, Elvin Graves, Aline Graves, Alma Graves Fields a/k/a Irma Lee G. Fields and Roxie Bickham Graves are hereby declared to be the owners in indivision of the hereinafter described property and that it is hereby further ordered that the property be partitioned by licitation and that the same be advertised and sold at public sale for cash, by the sheriff of this parish, in order to effect the partition thereof, after advertisement required by law for such sale under execution; and that the parties be referred to a Notary Public for the division of the proceeds with the property being more specifically described as follows, to-wit:
Beginning at the Southeast corner of William Roberts Headright 61, Township 1 South, Range 10 East, and run North 0 degrees 15 minutes West along old line 12 chains and 40 links to old corner; thence West 15 chains and 15 links along old line to old corner; thence North 0 degrees 15 minutes East 18 chains and 50 links; thence North 70 degrees 0 minutes West 8 chains and 40 links; thence South 28 chains and 81 links to old South line of section; thence South 78 degrees 0 minutes East 23 chains and 84 links to place of beginning. Containing 40 acres, all in Section 61, Township 1 South, Range 10 East, Washington Parish, Louisiana.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the proceeds of the sale be deposited into the registry of this court.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the fee of the attorney appointed to represent the absentee and non-resident heirs, Honorable Richard W. Watts, is hereby established in the amount of Two Hundred Fifty & no/100 ($250/00) Dollars, with the same to *1216 be paid from those proceeds due to those non-resident and absentee heirs.
JUDGMENT RENDERED in open court on the 18th day of June, 1979.
JUDGMENT READ, AND SIGNED, at Franklinton, Louisiana, on this 22nd day of June, 1979.
 /s/ Hillary J. Crain
 Honorable Hillary J. Crain
 District Judge, Division "A"
NOTES
[1] The property is described in accordance with a recent survey as follows:

"38.81 acres of land located and situated in Headright 61, Township 1 South, Range 10 East, St. Helena Meridian, Washington Parish, Louisiana, more particularly described as follows, to-wit:
Commence at the Southeast corner of Headright 61, Township 1 South, Range 10 East and run North 78 deg. 27 min. west, 1573.4 feet to corner; thence run North 00 deg. 14 min. East 1901.5 feet to corner; thence run South 71 deg. 01 min. East, 550.5 feet to corner; thence run South 00 deg. 15 min. West, 1221.0 feet to corner; thence run East 999.9 feet to corner; thence run South 01 deg. 19 min. East, 816.6 feet to the POINT OF BEGINNING."
[2] Home Finance Company of Franklinton, Inc. was also listed in the partition suit as an owner of the property. The suit is entitled Henretta Graves Magee, et al. versus Helen Graves Bell, et al., docket number 44,285A, 22nd Judicial District Court, Parish of Washington.
[3] However, we note a plaintiff in a petitory action (or in other actions involving ownership of immovable property) does not prove a title "apparently good" by proving only that he obtained the property by means of a valid deed. In other words, plaintiff in the present case cannot prevail merely by proving it purchased the property at a valid sheriff's sale; it must prove the title by tracing it back to the sovereign, as set forth in Pure Oil v. Skinner, supra. See Tassin v. Rhynes, 366 So.2d 580 (La.App.3d Cir.) writ denied, 368 So.2d 123 (La.1978).
[1] See copy of judgment attached.
[2] See footnote 1.
[3] The judicial sale was on September 12, 1979. See La.R.S. 9:5622 and 5642.
[4] We do not express an opinion on whether or not the rule of Pure Oil Company v. Skinner, 294 So.2d 797 (La.1974) has been continued in La. C.C. art. 531 as amended by Act 180 of 1979 and La.C.C.P. art. 3653 as amended by Act 256 of 1981. See the dissent by Judge Doucet in Weaver v. Hailey, 416 So.2d 311 (La.App. 3rd Cir. 1982), writ not considered, 420 So.2d 159 (La. 1982). We believe the Badeaux v. Pitre rule to be a judicially recognized exception to Articles 531 and 3653.