476 So.2d 1081 (1985)
David A. AYMOND, Plaintiff-Appellant,
v.
Paul SMITH, Defendant-Appellee.
No. 84-667.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1985.
*1082 Broadhurst, Brook, Mangham, Hardy & Reed, H. Dillon Murchison, New Orleans, for plaintiff-appellant.
Michael J. Johnson, Cottonport, John R. Contosi, Marksville, for defendant-appellee.
Before DOMENGEAUX, FORET and YELVERTON, JJ.
*1083 DOMENGEAUX, Judge.
This appeal by plaintiff-appellant, David A. Aymond, is from a judgment declaring defendant-appellee, Paul Smith, owner of a certain parcel of land. The judgment appealed from was rendered in a possessory action brought by plaintiff but which was converted into a petitory action by defendant's assertion of ownership.
David A. Aymond filed a possessory action on March 22, 1983, alleging possession of the subject property, a one acre tract of land located in an agricultural area.[1] The plaintiff contended that the defendant disturbed his possession by placing stakes at the corners of the property line and by subsequently constructing a levee along the perimeter of the disputed tract. The plaintiff's petition requested that the court recognize his right to the possession of the subject property.
The defendant answered the petition by denying the plaintiff's possession and "specifically and affirmatively" pleaded ownership of the disputed property either "through title or through uninterrupted possession, as owner, of said property for a period in excess of thirty years." The answer prayed that the proceeding be converted into a petitory action and that the defendant be recognized as the owner of the disputed tract.
The case proceeded to trial on February 29, 1984. In support of this claim of ownership, the defendant-appellee produced evidence of his acquisition and a chain of title going back to 1875. He also put on evidence that since he purchased the property in 1955, he had on several occasions marked the property line with iron stakes, had paid the property taxes, and had maintained the disputed property by plowing the land thereon twice a year. The appellee also offered evidence that in 1973 he and Carol Aymond (the plaintiff-appellant's father and ancestor in title) reached an agreement whereby Carol Aymond was allowed to farm the disputed tract in exchange for the appellee's use of Carol Aymond's turnrows for the purpose of transporting the appellee's crops from his fields.
The plaintiff-appellant adduced testimony at trial that his ancestor in title believed he acquired the disputed property as part of a larger tract he purchased in 1948. The appellant's ancestor in title, Carol Aymond, testified that he purchased a large tract which was to include everything within the confines of a fence and that the disputed property was "under fence". There was also testimony that the appellant's ancestor in title had farmed the subject property since 1948 and that no agreement had been reached by Carol Aymond and the appellee regarding an exchange of the use of the property for use of turnrows.
The district judge filed written reasons for judgment in which he made the following determination:
"After having considered the testimony and evidence adduced at the trial of this matter, this court finds that Paul Smith's chain of title showed an unbroken chain of title dating back to September 29, 1875. David Aymond's title never included the triangular shaped property in question. Paul Smith allowed Mr. Aymond to use the property in question from 1974 until 1982, in return for Smith's use of Aymond's turnrows. Aymond, therefore, has not proved that he possessed the property as owner, undisturbed and continuously. Paul Smith has proved his title against the world as well as against David Aymond. Smith had the required corporeal possession and civil possession. In addition, Paul Smith has paid the taxes on the property from 1955 to 1983."
Based upon these determinations the district judge ruled that Paul Smith was entitled to the ownership and undisturbed possession of the subject property.
Appellant has filed three assignments of error:

*1084 1. The district court erred in finding that appellee met his burden of proving title good against the world.
2. The district court erred in failing to find that appellant acquired the property by acquisitive prescription of thirty years.
3. The trial court erred in failing to grant a continuance to appellant under La.C.C.P. Art. 1602 where appellant proved due diligence and the need for further discovery.
Because of our treatment of assignments of error Nos. 1 and 2 and the relief granted herein we need not consider Assignment of Error No. 3.

ASSIGNMENT OF ERROR NO. 1
The appellant contends that the district court erred when it determined that the appellee proved title good against the world to the disputed tract. The appellant argues that as the appellee failed to prove his title he cannot be deemed owner of the disputed property and therefore his petitory action must be dismissed.
La.C.C.P. Art. 3651 provides the definition of a petitory action, it states:
"The petitory action is one brought by a person who claims the ownership, but who is not in possession, of immovable property or of a real right, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiff's ownership."
La.C.C.P. Art. 3657 provides in pertinent part:
"When, except as provided in Article 3661(1)-(3), the defendant in a possessory action asserts title in himself, in the alternative or otherwise, he thereby converts the suit into a petitory action, and judicially confesses the possession of the plaintiff in the possessory action."
Here, appellee has claimed ownership of the disputed property, by doing so he has converted the initial possessory action into a petitory action and has converted his participatory status in this lawsuit from that of defendant to plaintiff. La.C. C.P. Art. 3657. The claim of ownership in the initial possessory action further resulted in the appellee's judicial confession of the appellant's possession and the appellee's lack of possession. La.C.C.P. Art. 3657. Therefore, by having become plaintiff in the petitory action, the burden shifted to defendant-appellee, Paul Smith, to make out title against the appellant whose possession is conceded. La.C.C.P. Art. 3653, La.C.C. Art. 531. See Succession of Kemp v. Robertson, 316 So.2d 919 (La. App.3rd Cir.1975), writ denied, 320 So.2d 906 (La.1975).
When the defendant in the petitory action (David Aymond) is in possession, the plaintiff in the petitory action (Paul Smith) must rely on the strength of his own title and not the weakness of that of his adversary, and the title of the defendant in the petitory action is not at issue until the plaintiff has proved valid title in himself. Garrett v. Ernest, 369 So.2d 713 (La. App.1st Cir.1979), writ denied, 371 So.2d 1340 (La.1979), and Montgomery v. Breaux, 297 So.2d 185 (La.1974).
The plaintiff in a petitory action against the defendant in possession makes out his title when he proves his ownership either by an unbroken chain of valid transfers from the sovereign or an ancestor in title common with the defendant or by acquisitive prescription of ten or thirty years. La.C.C. Arts. 531 and 532, La.C.C.P. Art. 3653, Weaver v. Hailey, 416 So.2d 311 (La. App.3rd Cir.1982), Whitley v. Texaco, 434 So.2d 96 (La.App.5th Cir.1983), and Pure Oil Company v. Skinner, 294 So.2d 797 (La.1974).
If the plaintiff in the petitory action should fail and be unable to make out his title good against the world, his demands must be rejected and his case dismissed even if the defendant in the petitory action has no title to the property. Garrett v. Ernest, supra, Weaver v. Hailey, supra, Crown Zellerbach Corporation v. Heck, 407 So.2d 770 (La.App.1st Cir.1981), and Osborn v. Johnston, 308 So.2d 464 (La. *1085 App.3rd Cir.1975), affirmed 322 So.2d 112 (La.1975).
In this case the district judge found that Paul Smith, appellee, had proven title good against the world and therefore ownership of the disputed tract. We disagree.
Paul Smith did not enter into evidence proof of ownership by an unbroken chain of valid transfers from the sovereign. Smith, the plaintiff in the petitory action, traced his title back to September 29, 1875. The final link in the title is a sale of property with mortgage from Jacob W. Payne and Payne, Dameron & Company to Thomas D. Marshal. This act of sale states that the vendor had acquired the property from the Sheriff of Avoyelles Parish by a sale pursuant to a writ of fiera facias. Obviously, appellee has failed to produce a chain of title with a sovereign grant as its origin. Further, Smith did not trace his title to a common author as David Aymond's ancestor in title did not have title to the disputed property and thus there is no common author.
The ten year acquisitive prescription period for immovables is not available to the appellee. La.C.C. Art. 3452 expressly states that "Prescription must be pleaded. Courts may not supply a plea of prescription." The above quoted Article, which became effective on January 1, 1983, reproduces the substance of Article 3463 of the Louisiana Civil Code of 1870 which has been repealed. Cases interpreting prior Article 3463 require an affirmative plea of prescription by a party claiming ownership of immovable property by reason of possession of such sufficiency to support a prescriptive title. Messina v. Michael, 324 So.2d 837 (La.App.1st Cir.1975), writ denied, 326 So.2d 381 (La.1976), and Beam v. Dudding, 43 So.2d 73 (La.App.1st Cir. 1949). Here, the appellee Smith did not plead that he was entitled to ownership because he possessed the disputed property for ten years, thus, we as well as the trial court are precluded from considering whether the appellee has the requisite just title and good faith possession to justify proof of ownership by ten year acquisitive prescription.
The appellee did, however, specifically plead the thirty year acquisitive prescription of the subject immovable. The record indicates that the appellee acquired the property on October 6, 1955. The possessory action which initiated these proceedings was filed on March 22, 1983. Therefore appellee claims he possessed the property for approximately 28 years. There is no evidence that the appellee possessed the property prior to October 6, 1955. Nor is there evidence that the appellee's ancestors in title possessed the property so as to allow him to tack on their possession. The appellee did not prove ownership of the disputed property through the use of thirty year acquisitive prescription.
The district court erred in holding that the appellee Paul Smith proved title good against the world. The appellee's proof of ownership was insufficient to establish title by either an unbroken chain of transfers from the sovereign or a common author or by ten or thirty years acquisitive prescription. Having failed to sustain his burden of proving ownership in this petitory action the appellee's action is dismissed.

ASSIGNMENT OF ERROR NO. 2
The appellant contends that the district court erred in failing to find that the appellant acquired the property by acquisitive prescription of thirty years.
The appellant contends that his ancestor in title has exercised open continuous and peaceful possession over the disputed tract by farming it since 1948. The appellant presented witnesses who testified that the appellant's ancestor in title farmed the property.
The appellee presented conflicting testimony that twice a year since 1955 he has plowed the land under in order to maintain it. He also presented evidence that an agreement was reached whereby he allowed appellant's ancestor in title to farm *1086 the disputed tract in exchange for the use of the ancestor in title's turnrows.
The district judge found that the appellee allowed the appellant's ancestor in title to "use the property in question from 1974 until 1982, in return for Smith's use of Aymond's turnrows. Aymond therefore has not proved that he possessed the property as owner, undisturbed and continuously."
What constitutes possession in any case is a question of fact and each case depends on its own facts. Bossier v. Shell Oil Company, 430 So.2d 771 (La.App.5th Cir.1983). As such, the trial court's decision cannot be reversed on appeal if it appears there was a reasonable factual basis for the determination and that the decision was not clearly wrong or manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), and Watson v. State Farm Fire & Casualty Insurance Company, 469 So.2d 967 (La.1985).
Here the district judge considered the testimony of appellant and appellee's witnesses and concluded that neither the appellant nor his ancestor in title had exercised corporeal possession over the disputed tract. We cannot say that such a determination was manifestly erroneous. Although the appellant was deemed to be in possession for purposes of this petitory action because of the appellee's conversion of this action from possessory to petitory that possession is not sufficient in quality or duration to constitute the possession necessary to acquire property by a thirty year acquisitive prescription.
We hold that the determination of the district court that appellant did not prove thirty year acquisitive prescription is not manifestly erroneous.
For the above and foregoing reasons the decision of the district court is reversed in part and affirmed in part. It is now Ordered, Adjudged, and Decreed that the petitory action of Paul Smith, the converted plaintiff, be and the same is hereby dismissed. All costs on appeal to be assessed against plaintiff.
REVERSED IN PART, AFFIRMED IN PART.
FORET, J., concurs in part and dissents in part being of the opinion that plaintiff Aymond has shown 30-year possession.
NOTES
[1] David A. Aymond purchased the one acre tract from his father, Carol Aymond. It appears that Carol Aymond did not have title to the disputed tract.