# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-1125


**LYN BAKER**

**VERSUS**

**ROGERIST L. ROMERO, ET AL.**


************

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 59,544
HONORABLE STEPHEN B. BEASLEY, DISTRICT JUDGE

************

## PHYLLIS M. KEATY
## JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, Phyllis M. Keaty, Judges.


**AFFIRMED.**

John W. Pickett
Attorney at Law
Post Office Box 250
Many, Louisiana 71449
(318) 256-3846
Counsel for Plaintiff/Appellant:
    Lyn Baker

David P. Bruchhaus
Mudd & Bruchhaus, L.L.C.
410 East College Street
Lake Charles, Louisiana 70605
(337) 562-2327
Counsel for Defendants/Appellees:
    Carol Lynn Romero
    Rogerist L. Romero

**KEATY, Judge.**

Plaintiff, Lyn Baker, appeals a judgment dismissing her petitory action against Defendants, Rogerist Romero and Carol Romero, and granting their possessory action on the basis that Baker did not meet her burden of proof regarding her claim of ownership of the subject immovable property while the Romeros established as a matter of law their right to possess the property. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

According to a Cash Sale Deed (the Deed) recorded on July 26, 2006, Baker[1] acquired the "right, title and interest" in a forty-foot strip of property located in the Toledo Bend Reservoir in Sabine Parish (the Property) from six of her relatives for the purchase price of $10. Shortly thereafter, Baker, through her attorney, mailed a certified letter to the Romeros, owners of land adjacent and contiguous to the Property, to inform them that she had recently acquired the Property and would be having it surveyed in the near future. This litigation ensued after the Romeros would not allow the surveyor hired by Baker to have access to the portions of the Property contained within the land that they owned.

Baker filed a Petition for Injunctive Relief against the Romeros, seeking to enjoin the Romeros from interfering with her exercise of ownership of the Property and specifically requesting that the Romeros be ordered to refrain from interfering with Baker's attempt to have the Property surveyed. Attached as Exhibit "A" to the petition was a description of the Property.

---

[1]Baker's husband, Tommy Baker, who was also listed as a purchaser on the Deed, died before Baker initiated this litigation.

1

The Romeros filed an Answer and Reconventional Demand acknowledging that they would not allow Baker's surveyor on their property and claiming "possession and ownership of all property referenced herein," including the land which Baker claimed to own. More specifically, the Romeros asserted that they were the title owners and possessors of ten tracts of land as described in their own Exhibit "A," which they attached to their answer. The Romeros additionally asserted that they and their ancestors in title had possessed the Property without interruption for "much longer than" one year. The Romeros claimed that Baker had trespassed on the Property, and they requested that she and her agents, assigns, employees, and successors in title be prevented from using the Property and that they be awarded damages for the loss of use of the Property. In addition, the Romeros requested that the trial court render a judgment recognizing their right to possession of the Property.

Baker answered the Romeros' reconventional demand in the form of a general denial. Thereafter, she filed a motion for summary judgment seeking a judgment recognizing her as owner of the Property, ordering the Romeros to vacate the premises, and dismissing the Romeros' claims against her with prejudice. The motion was originally set for hearing; however, the trial court minutes reflect that the hearing was reset after the trial court was informed that the Romeros had not been served with the motion. The Romeros later filed a memorandum in opposition to Baker's motion. The minutes from August 13, 2008, reflect that after taking arguments, the trial court denied Baker's motion for summary judgment. The minutes further reflect that the Romeros agreed to allow Baker to survey the Property at her expense.

Baker filed a motion to amend and supplement her original petition. Therein, she stated that the Property had been surveyed and that a plat had been prepared and

provided to the parties. According to Baker, the survey and plat reflected that the Romeros had and continue to trespass on land owned by her and that they had erected and/or moved structures onto the Property without her consent. Baker sought a judgment recognizing her as the owner of the Property and all structures placed thereon by the Romeros, both movable and immovable. Alternatively, Baker prayed that the Romeros be ordered to remove the structures at their expense. The Romeros answered Baker's motion to amend and supplement in the form of a general denial.

A bench trial took place on Baker's petitory action. After hearing closing arguments, the trial court invited the parties to submit post-trial memoranda. In a written judgment, the trial court found that:

1. Plaintiff did not meet her burden of proof to establish ownership of the subject immovable property as a matter of law,

2. Defendants have been in statutory possession of the subject property since 1988, and

3. Plaintiff's Motion for Summary Judgment promptly and properly converted Defendants' possessory action pleaded in their Reconventional Demand to a viable and justiciable petitory action.

Accordingly, judgment was rendered in favor of the Romeros and against Baker dismissing her petitory action. The Romeros' possessory action was granted because the trial court found that they had established as a matter of law the right to possess the Property.

Baker timely filed a motion for new trial wherein she argued that due to the Romeros' last minute abandonment of their claims of ownership of the Property, her burden of proof changed from that of proving better title than that of the Romeros to proving title good against the world. As a result, she requested that the case be re-opened to allow her to introduce additional documentary evidence in order to meet

3

her newly heightened burden of proof. The Romeros opposed the motion, contending that Baker was made aware of their possessory action when they filed their reconventional demand against her, and, thus, she had ample opportunity to offer the evidence necessary to meet her burden of proof.

Following a hearing, the trial court granted Baker's motion for new trial. The matter was retried at which time Baker entered the entire record and all testimony from the original trial into evidence, together with additional documentary evidence which she claimed established ownership of the Property back to the sovereign. The Romeros argued that Baker had again failed to meet her burden of proof. Following the hearing, the matter was taken under advisement.

In a written judgment signed on July 19, 2010, the trial court found that Baker did not meet her burden of proof regarding her claim of ownership of the Property as a matter of law. As a result, the trial court affirmed the prior judgment rendered on August 18, 2009; rendered judgment in favor of the Romeros and against Baker, dismissing Baker's petitory action; granted the Romeros' possessory action on the basis that they had established their right to possess the Property as a matter of law; and ordered that costs be equally divided between the parties.

Baker is now before this court on appeal, asserting the following assignments of error. First, Baker claims that the trial court erred in failing to make the Romeros the plaintiffs in the petitory action concerning the Property by virtue of their answer and reconventional demand wherein they pled possession and ownership of the Property. Plaintiff further claims that the Romeros' possession claims were waived upon their making a claim of ownership. Accordingly, Baker submits that the trial court should have granted her motion for summary judgment when the Romeros

4

failed to present any proof of title in opposition to her motion. Second, Baker asserts that although she should not have had to bear the burden of proof in the petitory action, she did establish her title in an unbroken chain back to Wyatt Speight, a man whom the same trial court declared to be the judicial owner of the same land in 1919. Thus, according to Baker, the trial court did not have to apply the harsh evidentiary standard set forth in *Pure Oil Co. v. Skinner*, 294 So.2d 797 (La.1974). Instead, the trial court should have applied the supreme court's holding in *Badeaux v. Pitre*, 382 So.2d 954 (La.1980) and held that Baker met her burden of proof because she established title that was apparently good. Third, Baker contends that even if she was the proper plaintiff in the petitory action and the *Pure Oil* standard was properly applied, the trial court incorrectly read *Pure Oil* to include "a requirement that every title chain in a petitory action trace itself to a government transaction." Had the trial court correctly applied *Pure Oil*, Baker argues, she would have been entitled to a declaration of her ownership of the Property because she proved better title to the Property than the Romeros, who admittedly have no title to it.

## DISCUSSION

Louisiana Code of Civil Procedure Article 3651 defines a petitory action as "one brought by a person who claims the ownership, but who is not in possession, of immovable property or of a real right therein, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiff's ownership." Thereafter, La.Code Civ.P. art. 3653 provides that:

> To obtain a judgment recognizing his ownership of immovable property or real right therein, the plaintiff in a petitory action shall:
>
> (1) Prove that he has acquired ownership from a previous owner or by acquisitive prescription, if the court finds that the defendant is in possession thereof; or

5

(2) Prove a better title thereto than the defendant, if the court finds that the latter is not in possession thereof.

When the titles of the parties are traced to a common author, he is presumed to be the previous owner.

On the other hand, the code of civil procedure defines a possessory action as "one brought by the possessor of immovable property or of a real right therein to be maintained in his possession of the property or enjoyment of the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted." La.Code Civ.P. art. 3655. "In the possessory action, the ownership of title of the parties to the immovable property or real right therein is not at issue." La.Code Civ.P. art. 3661.

Fortunately, the Louisiana Code of Civil Procedure contains provisions to govern situations where the parties involved in a matter concerning the ownership of or real rights to immovable property alter their positions during the course of litigation involving the property. Louisiana Code of Civil Procedure Article 3657 provides, in pertinent part, that:

> The plaintiff may not cumulate the petitory and the possessory actions in the same suit or plead them in the alternative, and when he does so he waives the possessory action. If the plaintiff brings the possessory action, and without dismissing it and prior to judgment therein institutes the petitory action, the possessory action is abated.

> When, except as provided in Article 3661(1)-(3), the defendant in a possessory action asserts title in himself, in the alternative or otherwise, he thereby converts the suit into a petitory action, and judicially confesses the possession of the plaintiff in the possessory action.

In *Pure Oil*, 294 So.2d 797, the issue concerned the plaintiff's burden of proof in a petitory action when the defendant is in possession of the property in controversy. The supreme court held that those claiming title or ownership of

6

disputed land in the possession of others are "required to prove valid record title, to show title good against the world without regard to the title of the party in possession. C.C.P. Arts. 3653, 3654." *Id.* at 799.

*Badeaux*, 382 So.2d 954, likewise involved a petitory action brought by a claimed owner of a tract of land against a person possessing the land; however, the defendant was found to have been a precarious possessor in that he possessed the land not on his own behalf but rather on behalf of and with the permission of another. *See* La.Civ.Code art. 3437.[2] That being the case, the supreme court held that the plaintiff had met his burden of proof in his petitory action by proving that he had acquired the tract of land by thirty-year acquisitive prescription. *Id.* In doing so, the supreme court noted:

> "Although it be true that the plaintiff in a petitory action, must succeed on the strength of his own title, and not on the weakness of his adversary's yet, when the latter has no title at all, he cannot, as a trespasser, take advantage of any defect in the former's muniments of title. In such cases, a title apparently good, is all that is required to maintain the petitory action." *Zeringue v. Williams*[,] 15 La.Ann. 76 [(La.1860)].

*Id.* at 956.

***Assignment of Error Number One***

Baker contends that the trial court erred in failing to make the Romeros the plaintiffs in the petitory action after they asserted possession and ownership of the Property in their answer and reconventional demand. In addition, she insists that the Romeros' possession claims were waived pursuant to La.Code Civ.P. art. 3657 when they made a claim of ownership of the Property. The Romeros counter that after the Property was surveyed, they acknowledged that they no longer had a claim of

---

[2]Louisiana Civil Code Article 3437 provides: "The exercise of possession over a thing with the permission of or on behalf of the owner or possessor is precarious possession."

7

ownership and instead were claiming possession of the Property. Moreover, the Romeros claim that because Baker did not assert in the trial court that they should have been the plaintiffs in the petitory action, she should be precluded from asserting that argument for the first time on appeal.

In their answer and reconventional demand, the Romeros assert that they are the title owners of ten tracts of land and that they and their ancestors in title have possessed the Property for well over one year without interruption. Their prayer for relief requests that judgment be rendered recognizing their right to possession of the Property. Moreover, the Romeros stipulated at the June 19, 2009 hearing that they did not have title to the Property and were instead alleging good faith possession of the Property.

Ultimately, the Romeros did not claim ownership of the Property and thus did not waive their possession claims. In addition, because Baker did not allege in the trial court that the burden of proof in the petitory action should have shifted to the Romeros, she cannot make that argument for the first time on appeal. *See* Uniform Rules—Courts of Appeal, Rule 1–3; *Guilbeau v. Times of Acadiana, Inc.*, 94-1270 (La.App. 3 Cir. 8/9/95), 661 So.2d 1027, *writ denied*, 95-2942 (La. 3/29/96), 670 So.2d 1238. The trial court was correct in not making the Romeros the plaintiffs in the petitory action. Baker's first assignment of error lacks merit.

***Assignment of Error Number Two***

Baker next contends that the trial court erred in applying the *Pure Oil* standard and requiring that she prove title good against the world. She argues that the trial court should have instead applied the La.Code Civ.P. art. 3657 standard and simply required that she prove title better than that of the Romeros, as was done in *Badeaux*,

8

382 So.2d 954, a supreme court decision rendered after *Pure Oil*. The Romeros insist

that the trial court properly and appropriately applied the *Pure Oil* standard and that

*Badeaux* is not applicable to this matter. In support of their argument, they rely on

*Aymond v. Smith*, 476 So.2d 1081, 1084 (La.App. 3 Cir. 1985), wherein this court

held that:

> When the defendant in the petitory action . . . is in possession, the plaintiff in the petitory action . . . must rely on the strength of his own title and not the weakness of that of his adversary, and the title of the defendant in the petitory action is not at issue until the plaintiff has proved valid title in himself.

*Aymond*, which was decided by this court eleven years after the supreme court

handed down the *Pure Oil* decision and four years after it handed down the *Badeaux*

decision, began as a possessory action brought by a plaintiff who claimed that the

defendant had disturbed his possession of a one acre tract of land. In answer to the

petition, the defendant denied the plaintiff's possession, claiming that he owned the

land through title or thirty-year acquisitive prescription. We noted that, in claiming

ownership of the disputed property, the defendant converted the possessory action

into a petitory action in which he became the plaintiff with the burden of proving

"ownership either by an unbroken chain of valid transfers from the sovereign or an

ancestor in title common with the defendant or by acquisitive prescription." *Id.*

(citations omitted). We further noted that "[i]f the plaintiff in the petitory action

should fail and be unable to make out his title good against the world, his demands

must be rejected and his case dismissed even if the defendant in the petitory action

has no title to the property." *Id.* at 1084 (citing *Garrett v. Ernest*, 369 So.2d 713

(La.App. 1 Cir.), *writ denied*, 371 So.2d 1340 (La.1979); *Weaver v. Hailey*, 416 So.2d

9

311 (La.App. 3 Cir. 1982);[3] *Crown Zellerbach Corp. v. Heck*, 407 So.2d 770 (La.App. 1 Cir. 1981); and *Osborn v. Johnston*, 308 So.2d 464 (La.App. 3 Cir.), *aff'd*, 322 So.2d 112 (La.1975)).

Considering our prior decision in *Aymond*, we cannot conclude that the trial court erred in requiring Baker to prove title good against the world. Moreover, we agree that Baker's reliance on *Badeaux* is misplaced given the fact that the defendant in that petitory action was a precarious possessor who possessed the disputed property with the permission of its owner. Here, Mr. Romero testified that when he purchased the tract of land in 1987, he believed that he was getting all of the property within certain boundaries; there were no markers around the forty-foot strip, i.e., the Property now at the center of this litigation. Mr. Romero further testified that no one had ever given him any indication that they owned the Property until he got the letter from Baker in 2006 seeking to survey the Property which she claimed to have recently purchased. Baker's second assignment of error is without merit.

### Assignment of Error Number Three

Finally, Baker asserts that even if she was the proper plaintiff in the petitory action and *Pure Oil* was properly applied, the trial court erred by reading into it a requirement that her title chain be traceable to a government transaction. The Romeros counter that the trial court properly applied the law of *Pure Oil* and *Aymond* and correctly held that the July 8, 1885 sheriff's tax sale deed upon which Baker relied was "not a transfer of title 'with a sovereign grant as its origin.'"

---

[3]We determined that the legislature did not intend to overrule *Pure Oil* "when it adopted Civil Code articles 531 and 532 in 1979 and amended Code of Civil Procedure article 3653(1) in 1981." *Weaver*, 416 So.2d at 316.

In dismissing Baker's petitory action and granting the Romeros' possessory action on the basis that they established their right to possess the Property, the trial court, referring to the burden established in *Pure Oil*, noted the Latin phrase "*Dura Lex, Sed Lex*" which means "the law is harsh, but it is the law." Nevertheless, the trial court recognized that although it had been heavily criticized, *Pure Oil* remained the law of this state and it was "duty-bound to apply it." Citing *Aymond*, the trial court reasoned that "[a] tax sale bespeaks prior *private* ownership, thus the evidentiary destination to a sovereign grant, the originating transfer upon which all title to the tract is founded, has not been reached." The trial court went on to state:

> Ownership back to a common ancestor in title, another route to prove ownership, does not apply here as Defendants claimed only possession of the subject tract, thus no possibility of a common author. The remaining alternative to prove ownership, acquisitive prescription, was neither pleaded nor argued and the court is prohibited from doing so *sua sponte*. La.Civ. Code art. 3452.

As noted by the trial court, Baker could have proven her claim of ownership of the Property through several routes other than by tracing her chain of title back to the sovereign, but for the reasons that it outlined, she was unable to do so. We are convinced that the trial court properly applied the law to this matter and that Baker simply failed to meet the requisite burden of proof. Baker's final assignment of error lacks merit.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed in entirety. All costs of this appeal are assessed against the plaintiff, Lyn Baker.

**AFFIRMED.**

11